said reissued letters patent, and the invention thereby secured.". There is no habendum clause in the deed, which may make more evident the intention of the parties, and the language of the deed of trust which was executed by Mr. Keller is not contained in the bill or answer. The recitals in the assignment indicate that the conveyance of the reissued letters patent only was intended, and there is nothing in the deed to show that any other intention existed, unless it is to be found in the words "and the invention thereby secured." Until it is authoritatively decided that a conveyance of the letters patent and of the invention is, of itself, a conveyance of the inchoate right of the inventor to an extension, I am constrained to hold, in conformity with the weight of authority as it now exists, that an assignment of the invention, after a patent has been issued, without any other language to indicate the intention of the parties, does not import a conveyance of the right to an extended term. I do not understand that the supreme court, in Nicolson Pavement Co. v. Jenkins, 14 Wall. [81 U. S.] 452, intended to assert, that an assignment of the invention merely, conveyed the interest of the inventor to an extension. On the other hand, "that decision assumes, that an assignment of the invention, without words importing an intention to convey a present and a future interest, will not pass the right to an extension." Mowry v. Grand St. & N. R. Co. [supra].

It is claimed, that the license from Mr. Keller to the defendants clearly shows the construction which he placed upon the assignment soon after it was executed, and is of weight in ascertaining the intention of the parties to the deed. The claim is not made, that an assignee of a patent can, by his subsequent deed to a third person, be able to enlarge the construction which would otherwise be given to the original conveyance, but, it is contended, that, as Mr. Keller was trustee for the complainant, he became, in a certain sense, the representative or agent of the patentee, and that the patentee is bound by the declarations of the trustee. It cannot, however, be admitted, that the written declarations of a trustee, in a conveyance to a third person, of property which had previously been conveyed to the trustee by his cestui que trust, can be used against the latter, to determine the intent of both parties in making the original conveyance, and to show the extent of the interest which the cestui que trust intended to convey by his deed. Parol evidence of the declarations of both parties is not admissible to vary the legal effect of the assignment. Ruggles v. Eddy, cited supra. Neither can the written and solemn declarations of the grantee alone, subsequent to the deed, be permitted to enlarge the grant in his favor.

Although I am inclined to believe that there is a hardship in the position in which the defendants are placed, I am of opinion that it is a hardship from which they cannot be relieved under the present state of the decisions, unless

the deed of trust which Mr. Keller executed and the patentee accepted, and which is referred to in the assignment, shows that it was the intent of the grantor to convey to Mr. Keller the extended term.

Let there be a decree for an injunction and an account.

[For another ·case involving this patent, see Waterman v. Thomson, Case No. 17,260.]

---

WATERMAN (WILLIAMS v.). See Case No. 17,745.

WATERS (BOWEN v.). See Case No. 1,-725.

---

## Case No. 17,262.

### WATERS v. BUSSARD et al.

[2 Cranch, C. C. 226.][1]

Circuit Court, District of Columbia. April Term, 1821.

SET OFF—DEBT DUE ONE DEFENDANT.

A debt due by the plaintiff to one of two joint defendants, cannot be set off against the joint debt to the plaintiff.

Debt upon a sealed bill. Plea, payment, and an account in bar.

The defendants [J. R. Bussard and Daniel Bussard] offered to set off an account of J. R. Bussard against the plaintiff for medical services.

Mr. Caldwell, for plaintiff.

H. H. Chapman, for defendants.

THE COURT (CRANCH, Chief Judge, doubting) refused to allow the account to be given in evidence.

---

## Case No. 17,263.

### WATERS v. BUTLER.

[4 Cranch, C. C. 371.][1]

Circuit Court, District of Columbia. Nov. Term, 1833.

SALE UNDER DEED OF TRUST—NOTICE TO GRANTOR TO QUIT.

1. A purchaser, under a deed of trust, need not give notice to quit, before bringing ejectment against the grantor of the trust-deed.

2. Notice to quit is not necessary where the relation of landlord and tenant does not exist.

3. If, by the terms of the deed of trust, the grantor is to retain the possession until a sale should be made under the deed, his tenancy ceases upon the sale, and no notice to quit is necessary.

Ejectment [by Waters' and Scott's lessee] for a city lot sold to the plaintiff's lessor by the trustee under a deed of trust from the defendant [William Butler] to secure a debt due by him to the plaintiff's lessor.

Mr. Marbury, for the defendant. The verbal notice to quit, given by Mr. Fendall, was less than three months. A mortgagor in possession is entitled to notice; but here,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]