128, § 70 [1 Story's Laws, 633; 1 Stat. 678, c. 22]. Now I am not aware that any courts are at liberty to grant rewards in cases where the party has performed a public duty, unless there be some positive regulation, which provides for such cases. It is not sufficient that the service be meritorious and acceptable, nor even that it goes beyond the limits of mere official duty; much less that it is in strict conformity with such duty. To found a title for compensation, there must be either some direct, extraordinary assistance or service, or expense, which the law recognizes as a just charge in rem, independent of any notion of official duty, or some positive statutable enactment in point. Otherwise the party must be left, as Sir William Scott has declared on another occasion, to the general reward of all good citizens and good officers, the fair estimation of his countrymen, and the consciousness of his own right conduct (The Aquila, 1 C. Rob. Adm. 37, 46); or to bring the doctrine home to the present case, to the specific reward in fees and compensation which the law has provided for officers of the revenue, for the performance of their ordinary duties. There are certainly cases in which the law awards compensation to persons for services rendered to the public, as well as to private persons, independent of contract or statute regulation. Such are cases of maritime salvage, granted upon recaptures of public vessels, upon noncommissioned captures, and upon saving derelicts, where the derelicts fall to the sovereign in virtue of his general prerogative. The Aquila, 1 C. Rob. Adm. 37. But the doctrines respecting maritime salvage are not safe guides for other classes of cases, and may be thought to stand upon peculiar grounds of maritime policy, rather than the general analogies of the law. It is, perhaps, not quite certain at the present moment, whether an action would lie for salvage of goods on land; and the case of Nicholson v. Chapman, 2 H. Bl. 254, shows that the subject is not without its difficulties. But was it ever heard of, that an action would lie against a man for giving him beneficial information? Lord Chief Justice Eyre in the case before alluded to, said, "Perhaps it is better for the public, that these voluntary acts of benevolence from one man to another, (i. e. saving his property) which are charities and moral duties, should depend altogether for their reward upon the moral duty of gratitude." If this be true in so strong a case, what shall we say, where the act is a mere performance of a public or official duty? The title to compensation seems removed by the very notion that it is a duty to which the law has annexed no reward.

Without doubt the officers before the court have performed very meritorious services; and are entitled to the consideration of the government. But sitting in a court of justice, and bound to declare the law as I find it, I am constrained to say, that there is no au-

thority here to administer relief to them as informers. The application should be made to another department of the government.

Petitions dismissed.

---

## Case No. 8,065.

### Case of LANGE.

[13 Blatchf. 546.]

[See Appendix, Federal Cases.]

---

LANGHAM (VICTOR SEWING MACH. CO. v.). See Case No. 16,935.

LANGHAY v. PERRY. See Case No. 8,067.

LANGLEY, In re. See Case No. 11,006.

---

## Case No. 8,066.

### LANGLEY v. BRENT.

[3 Cranch, C. C. 365.] [3]

Circuit Court, District of Columbia. Dec. Term, 1828.

#### SET-OFF—IDENTITY OF PARTIES.

A debt due by two joint debtors to two joint creditors cannot be set off as against a debt due by one of the joint creditors to one of the joint debtors.

Assumpsit on the defendant's promissory note to the plaintiff. Langley and King rented a wharf from Brent and Pierson in 1822; Langley and King dissolved their partnership in 1824, indebted to Brent and Pierson in the sum of $53.

Mr. Morfit, for plaintiff.

Mr. Worthington, for defendant.

THE COURT decided that it could not be set-off in this action.

---

## Case No. 8,067.

### LANGLEY v. PERRY.

[2 N. B. R. 596 (Quarto, 180); 8 Am. Law Reg. (N. S.) 427; 16 Pittsb. Leg. J. 117; 2 Balt. Law Trans. 521; 2 Am. Law T. Rep. Bankr. 84.] [1]

Circuit Court, S. D. Ohio. June, 1869. [2]

BANKRUPTCY—REVIEW BY CIRCUIT COURT—FRAUDULENT CONVEYANCE — CREDITOR ABOUT TO RECOVER JUDGMENT — ASSIGNMENT FOR BENEFIT OF CREDITORS.

1. The circuit court has jurisdiction to revise, correct, and reverse rulings and judgments of the district court in bankruptcy proceedings.

[Cited in Re Hall, Case No. 5,920; Re Picton, Id. 11,136.]

2. Where a creditor is about to recover a judgment, and the debtor makes a general assignment of all his property for the benefit of his creditors, before the judgment is rendered, this is not a con-

---

[3] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reprinted from 2 N. B. R. 596 (Quarto, 180), by permission. 2 Am. Law T. Rep. Bankr. 84, contains only a partial report.]

[2] [Reversing Case No. 11,006.]