*Hartford,*
*June, 1849.*

Atkins
*v.*
Churchill.

———◆———

### ATKINS *against* CHURCHILL and another.

Where in an action brought by *A*, against *B* and *C*, to recover a debt due from them to *A*, the defendants pleaded the set-off of a judgment recovered by *B* and his wife against *A* and *D*; it was held, that such plea was insufficient.

THIS was an action of book debt, brought by *Avery Atkins*, against *John Churchill* and *Henry A. Seymour*, partners, under the firm of *Churchill & Seymour*.

The defendants pleaded a set-off, alleging, that the plaintiff, before the commencement of this suit, was, and still is, indebted to *Churchill*, one of the defendants, by a judgment of the county court of *Hartford* county, which he, *Churchill*, and *Eliza Ann*, his wife, recovered against the plaintiff and *Alden A. Atkins*, for the sum of 56 dollars, 22 cents, damages, and 11 dollars, 31 cents, costs of suit; on which execution was duly issued; that said judgment is in full force, and has never been satisfied or reversed; that said judgment is owned by, and the amount thereof is due to, said *Churchill*, for his sole use and benefit; that at the time the plaintiff's claim now in suit accrued, and ever since, he and *Alden A. Atkins* were and are insolvent; and that the amount of said judgment exceeds the indebtedness of the defendants to the plaintiff. The defendants thereupon offered, under the statutes in such cases provided and the equitable jurisdiction of the court, to set off such judgment against the plaintiff's claim.

The plaintiff replied, that before the bringing of this suit,

he, for a valuable consideration, assigned the claim in suit to *Irenus Atkins*, for whose benefit the suit was brought and is prosecuted.

To this replication the defendants demurred ; and the case was thereupon reserved for the advice of this court.

*Welles* and *Fellowes*, in support of the demurrer, contended, 1. That the defendants may set off this judgment in favour of *Churchill* and wife against the claim of the plaintiff in this suit, he being one of the defendants in the suit on which the judgment was recovered. In support of this position, they insisted,

First, that the fact that the wife of *Churchill* was a party to the judgment, made no difference. The judgment debt was, by the execution, reduced to possession. *Clancy* on *Husband and Wife*, 112, 13. 115. Besides, the debt is alleged to be the husband's *solely* ; and this, not being traversed by the replication, is admitted.

Secondly, the fact that there are two defendants in this suit, makes no difference. This objection is obviated, by the statute of 1843, *ch.* 1. § 2. *Rev. Stat.* 74.

Thirdly, the fact that there were two defendants in the suit in which the judgment offered to be set off was recovered, will not prevent a set-off. The property of either is liable to be taken in satisfaction of that judgment ; and this is all that a set-off would do, by taking the debt due to one of those defendants ; or, in other words, the plaintiff in this suit may be made *solely* to satisfy the judgment. In the language of *Spencer*, J. in *Simson* v. *Hart*, 14 *Johns. R.* 63. 75. "it is well settled, that although demands, as being joint and several, are not, strictly speaking, due in the same right, yet if the legal or equitable liabilities or claims of many become vested in, or may be urged against, one, they may be set off against separate demands, and *vice versa*." See also *Pond* v. *Smith*, 4 *Conn. R.* 302. *Dennie* v. *Elliot*, 2 *H. Bla.* 587. *Mitchell* v. *Oldfield*, 4 *Verm. R.* 123.

Fourthly, these objections being disposed of, the court has unquestionably power to order the set-off in question. *Schermerhorn* v. *Schermerhorn*, 3 *Caines* 190. and note. *Barker*, admx. v. *Braham*, 2 *W. Bla.* 869. *Pond* v. *Smith*, 4 *Conn. R.* 302. *Simson* v. *Hart*, 14 *Johns. R.* 63. *Den-*

*nie* v. *Elliot,* 2 *H. Bla.* 587.   *Mitchell* v. *Oldfield,* 4 *Verm, R.* 123.   2 *Paine & Duer's Prac.* 275.

2. That the assignment made by the plaintiff is unavailing to defeat a set-off. The claim is not negotiable. The right of set-off existed against it, at the time of the assignment, and cannot be affected by that act. In the language of the court, in *Benjamin* v. *Benjamin,* 17 *Conn. R.* 113. 114. "a chose in action not negotiable is subject, in the hands of an assignee, to all the equities which existed against it between the original parties, at the time of the assignment." See also *Hooper* v. *Brundage,* 9 *Shep.* 460.   *Wood* v. *Carr,* 2 *Sto. R.* 366.   *Mead* v. *Gillett,* 19 *Wend.* 397.   *Rev. Stat.* 76. § 99.

*Hooker,* contra, contended, 1. That independently of the assignment to *Irenus Atkins,* the judgment in question could not be set off against the debt in suit. The whole law on this subject, as applicable to actions at law, is here regulated by statute.

Now, in the first place, it is clear, that previous to the statute of 1843, the set-off sought in this case, could not be made.   *Walker* v. *Leighton* & al. 11 *Mass. R.* 140.   *Woods* v. *Carlisle,* 6 *N. Hamp.* 27.  The very enactment of the statute of 1843, shews, that the legislature deemed the provisions of that act necessary to enable two defendants to set off a debt due to one of them against the plaintiff's claim against both.

But secondly, this case is not within the statute of 1843, or the revised statutes. The claim in suit is a debt due from *Churchill & Seymour* to *Avery Atkins.* The debt sought to to be set off against this claim, is a judgment in favour of—not *Churchill & Seymour*—but *John Churchill* and *Eliza-Ann Churchill*—against—not *Avery Atkins,* the present plaintiff, but *Avery Atkins* and *Alden A. Atkins.* The statutes referred to, in their utmost extent, go no further than to allow the defendants, in this case, to set off a debt due from the plaintiff—not from the plaintiff *and a stranger*—to one of the defendants. This judgment against the plaintiff *and Alden A. Atkins,* cannot be regarded as the individual debt of the plaintiff alone, as perhaps it might be, if it were a joint and several note.

Thirdly, upon general principles, as recognized by courts of law and equity, a debt against *A and another,* cannot be set off against a claim in favour of *A* alone, *Jackson* v. *Robinson* & al., 3 *Mason* 138. 144. *Howe* & al. v. *Sheppard,* admr., 2 *Sumn.* 409. *Francis* v. *Rand,* 7 *Conn. R.* 221. *Palmer* v. *Green* & al., 6 *Conn. R.* 14. 19. *Pitkin* v. *Pitkin,* 8 *Conn. R.* 325. And see the cases collected in 3 *U. S. Dig.* 417. *& seq.*

2. That a previous assignment of the claim in suit, made *bona fide,* for a valuable consideration, will extinguish the right of set-off. *Makepeace* v. *Coates,* 8 *Mass. R.* 451. *Greene* v. *Darling* & al. 5 *Mason,* 214. *Howe* & al. v. *Sheppard,* admr. 2 *Sumn.* 409. 417.

HINMAN, J. This is an action of book debt, in favour of a single plaintiff against two defendants. *Churchill,* one of the defendants, pleads, and claims as a set-off against the debt, a judgment recovered by him and his wife against the plaintiff and one *Alden A. Atkins,* a stranger to the suit. We think this claim cannot be allowed ; consequently, the plaintiff is entitled to judgment, on the ground of the insufficiency of the plea.

Set-offs, with us, are regulated by statute ; and, previous to 1843, they were allowed, only in case the debts were mutual. *Francis* v. *Rand,* 7 *Conn. R.* 221. *Pitkin* v. *Pitkin,* 8 *Conn. R.* 326. But by a statute of that year, the right of set-off was extended to cases where there were mutual debts between the plaintiff and the defendant, or between the plaintiff and a part of the defendants, if more than one. But that statute does not obviate the diffculty arising from the want of mutuality between the debt offered to be set off and the plaintiff in the action, in any other respects than that it need not be due to all the defendants in the action. In this case, there is not only the want of mutuality provided for by this statute, but the further difficulty arising from the fact, that the debt pleaded and claimed as a set-off, is not mutual, as between the defendant, *Churchill,* who pleads it, and the plaintiff. It is not merely a debt due from the plaintiff to one of the defendants, but it is *jointly* due from the plaintiff and another to one of the defendants. A statute was required to remedy the first difficulty : it would seem, there-

*Hartford,*
*June, 1849.*

fore, to be required to remedy the other. The statute of 1843 does not extend far enough for this; and we do not feel authorized to extend it, by construction.

Other questions were made in the case; but we have not examined them, being satisfied, on this ground, that the defendants' plea is insufficient. We therefore advise the superior court to render judgment for the plaintiff.

In this opinion the other Judges concurred.

Judgment for plaintiff.