Argued 25 January; decided 12 March, 1900.

**RICHMOND *v*. BLOCH.**

[60 Pac. 388.]

SET-OFF — JOINT JUDGMENT.

A defendant cannot set off against the judgment against her and her co-defendants a judgment that she alone had recovered in a former action against the plaintiff and another, who was not a party to the last action.

From Multnomah: E. D. SHATTUCK, Judge.

Appeal from an order denying an application to offset a judgment. The facts are fully stated in the opinion.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. James Gleason.*

For respondents there was a brief over the names of *Chamberlain & Thomas, Williams, Wood & Linthicum,* and *R. & E. B. Williams,* with an oral argument by *Mr. Geo. E. Chamberlain.*

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

The facts attending this case are briefly stated as follows: On February 23, 1897, a judgment was given and rendered in the Circuit Court of the State of Oregon, for Multnomah

County, in favor of Adelaide Bloch, who was plaintiff therein, and against F. L. Richmond and F. A. E. Starr, who were defendants therein, for the sum of $4,001.25, and $15.50 costs and disbursements, which was reduced by partial payments to $3,355.03. On June 30, 1897, F. L. Richmond, one of the plaintiffs herein, recovered a judgment against the defendants Adelaide Bloch, M. M. Bloch, and F. Bloch for the sum of $1,300 and costs, taxed at $94.15; and upon this judgment the attorneys for plaintiff, who are co-plaintiffs herein, claim a lien for $1,000 as compensation for services in obtaining the judgment. The defendant Adelaide Bloch now seeks to have the judgment against her and co-defendants set off, so far as it is adequate for the purpose, against the judgment which she has against the plaintiff herein and F. A. E. Starr. From an order denying the application, defendants appeal.

This application comes in contravention of two general rules of law: (1) Where two or more defendants are jointly sued, one or more of them, less than all, cannot set off a debt due to him or them only from the plaintiff; and (2) the defendant cannot set off a joint claim against plaintiff and another who is not party plaintiff in the action. See 22 Am. & Eng. Enc. Law (1 ed.), 287, 293; *Gordon* v. *Swift,* 46 Ind. 208; *Bridgham* v. *Tileston,* 5 Allen, 371; *Langley* v. *Brent,* 3 Cranch, C. C. 365 (Fed. Cas. No. 8,066); *Waters* v. *Bussard,* 2 Cranch, C. C. 226 (Fed. Cas. No. 17,262); *Atkins* v. *Churchill,* 19 Conn. 394; *Snyder* v. *Spurr,* 33 Conn. 407; *Phelps* v. *Reeder,* 39 Ill. 172; *Peoria R. R. Co.* v. *Neill,* 16 Ill. 269. There are exceptions to these rules, but the case made by the defendant who is seeking the set-off comes fairly within both their letter and spirit. Her judgment, under the showing, is a joint one against the plaintiff and Starr, the latter of whom is not a party plaintiff to this action, and under the same showing the judgment which plaintiff has is against her, M. M. Bloch, and F. Bloch, jointly; so that

there is no gainsaying the fact that these general rules have direct application to the controversy. The judgment of the court below being in harmony therewith, it will accordingly be affirmed. **Affirmed.**