## HENDERSON *v.* REED.

A plea, rejected on motion, is no part of the record, unless made so by a bill of exceptions.

If a plea show, on its face, that it is a sham plea, it should be rejected on motion.

APPEAL from the *Marion* Circuit Court.—Debt by *Reed* against *Henderson* on a writing obligatory; and judgment against the defendant by default.

HOLMAN, J.—The only error assigned in this case is, that the Circuit Court refused to let the defendant file a certain plea, which is copied in the record: and it is said that the defendant excepted to the opinion of the Court rejecting it; but there is no bill of exceptions, and the plea is no part of the record. If the plea were before us, so that we could take legal notice of it, we might see strong ground to suppose the Circuit Court knew it was a sham plea; and if so, they were bound to reject it (1).

*Per Curiam.*—The judgment is affirmed, with 6 *per cent.* damages and costs.

*Rariden,* for the appellant.

*Fletcher,* for the appellee.

(1) The practice of sham pleading, that is, pleading for delay matter known by the pleader to be false, is too common in Courts of justice. One of the most usual pleas of this description, is that of a judgment already recovered for the same cause of action. Some cases have occurred where, upon an affidavit of their falsity, such pleas have been treated as nullities; but the most recent decisions are, that a motion to sign judgment for want of a plea, founded on such an affidavit, cannot be supported, if the plea be not on its

Margin notes:
May Term, 1825.
HENDERSON v. REED.
Saturday, May 7.

face objectionable. It is said, that the Court cannot require an apparently fair plea to be verified by affidavit—which is the effect of these motions—except in the case of pleas required by statute to be sworn to, or where a discretion is given to the Court, as on application for leave to plead double. *Merrington* v. *Becket*, 2 Barn. & Cress. 81.—*Smith* v. *Backwell*, 4 Bing. 512. When a plea however is, on its face, a sham plea, and, like that in *Blewitt* v. *Marsden*, 10 East, 237, a mockery of the proceedings of the Court, the plaintiff will be permitted to treat it as a nullity, and sign judgment as for want of a plea. *Smith* v. *Backwell*, supra.