Dewey, J.
Porter, as the indorsee, sued Niles as the indorser of a promissory note made by Police, payable to Niles or order at ninety days, and negotiable at the Indianapolis branch of the State Bank. Niles pleaded the general issue and four special pleas. Issues of fact were formed 'upon all the pleas excepting the two last, the fourth • and fifth, to which Porter demurred specially.
The fourth plea alleges, “that the note was assigned and indorsed by the defendant to the plaintiff, as a voluntary act without any good and valuable consideration for the assignment, and that no consideration whatever was ever, at any time, received by the defendant for the indorsement, either from Police or the plaintiff; and that the note was not intended for negotiation in bank, and was not negotiated there, but was assigned directly by the defendant to the plaintiff, who well knew that the assignment was made without any consideration.” The cause of demurrer assigned is duplicity in alleging that the assignment of the note was without consideration, and in averring that the note was not designed to be negotiated in bank and was not there negotiated.
The fifth plea is, that the note was executed by Police and indorsed by the defendant, at the request of the plaintiff, in the place of a former note for the same amount Avhich the plaintiff held against Police; that no consideration for the indorsement passed from the plaintiff or Police to the'defendant; and that the note was not designed to be negotiated in bank, &c., as in the fourth plea. Cause of demurrer same as above stated.
The Circuit Court sustained both demurrers, and, on the trial of the issues of fact, rendered final judgment in favour of the plaintiff for the amount of the note.
The note in question, being payable and negotiable at a chartered bank in this State, is governed by the law merchant. And the fourth plea presents the inquiry, whether the indorser of such a note can, in an action by his immediate indorsee, impeach the consideration of the transfer. Elementary writers, correctly as we believe, represent the law to be, that in ac *49 tions between the immediate parties to *a bill of exchange or note, as the drawer and acceptor of the bill, the payee and maker of the note, or the indorsee and his indorser of either instrument, the consideration of the cause of action may be inquired into; and if none exist, the action must fail. Chitt. on Cont., 23; Chitt. on Bills, 81; Bay ley on Bills, 499. The defendant in this cause is the payee and indorser of the note, and must, under the plea which we are considering, be presumed to be the original holder and owner of it; and as the demurrer admits that it was transferred to the plaintiff without any consideration whatever, the sub can not be sustained, The plea constitutes a good defense. The objection of duplicity is without foundation. The averment- respecting maker. 3y this plea it appears that the defendant never was the header or owner of the note, but that he lent his name and credit for the benefit of the maker The question here is, whether any other consideration than that which passed between the plaintiff and the maker is necessary to fix the defendant’s liability on his indorsement? The acceptor of a bill for the accomodation of the drawer is liable to a bona fide holder for value, though the latter took it knowing that the acceptance was without consideration. Smith v. Knox, 3 Esp. R., 46 the intention of the parties in regard to the negotiation of the note in bank, &c., is immaterial, and may be regarded as sur-plusage. The demurrer to thp fourth plea should have been overruled.
The fifth pma stands on different ground. It presents the case of the indorser of a note for the accomodation of the Charles et al. v. Marsden, 1 Taunt., 224; Adams v. Gregg, 2 Stark. R., 531; Woodroffe v. Hayne, 1 C. & P., 600; Ireland Bank v. Beresford, 6 Dow, 237. These decisions are founded on the policy of the law in favour of commerce, which forbids á person to give credit and circulation to negotiable paper by his name, and then object against a fair holder for a valuable consideration, that his signature was without consideration. The same principle is applicable to the indorser of a promissory note for the accommodation of the maker. Smith et al. v. Becket, *50 13 East, 187; Brown v. Mott, 7 Johns., 361. The circumstances that the note in question was never put in circulation by the plaintiff, *and that he advanced no money for it at the time ho became the holder, can not avail the defendant. The pre-existing debt due the plaintiff from the maker was a good consideration. The execution and indorsement of the note were one entire transaction, the indorser standing in the relation of the surety of the maker, with the rights and privileges, however, of an ordinary in-dorser. The demurrer to this plea was correctly sustained.
J. B. Niles, for the appellant.
O. Fletcher, 0. Butler, and S. Yandes. for the appellee.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.