May Term,
1845.

Dumont *v.* Pope and Another.

Dumont
v.
Pope.

To authorize the payee to recover against the drawer of a bill of exchange in which no time for payment is specified, he must present the bill to the drawee for acceptance or payment within a reasonable time after it is received.

A statement in a protest of such bill for non-acceptance, that the reason given by the drawee for non-acceptance was that he had no effects of the drawer, is no evidence of the want of effects.

If an order, drawn by *A.* upon *B.*, be not a bill of exchange, there can be no recovery by the payee against the drawer without proof of consideration.

'ERROR to the *Cass* Circuit Court.

Wednesday,
May 28.

BLACKFORD, J.—This was an action of debt brought by *Pope* and another, partners, &c., against Dumont. The declaration contains four counts.

The first count states, that on the 28th of *October*, 1842, at *Logansport*, the defendant made his instrument of writing, commonly called an order, and thereby requested certain persons using the name and style of *Pendleton* and *Zern* of *Peru*, to pay the plaintiffs or order, in conformity to a certain agreement between them and the defendant, bearing date the 17th of *September*, 1842, the sum of 200 dollars, and then and there delivered said writing to the plaintiffs; that afterwards, viz., on the 29th of *November*, 1842, at *Peru*, the said order was presented to said *Pendleton* and *Zern* for acceptance, but that they refused to accept or pay, &c., of which the defendant, on the day and year last aforesaid, at, &c., had notice. By means whereof the defendant became liable, &c., and though often requested, &c., has not paid, &c.

The second count, except that it sets out the instrument of writing *in hæc verba*, is the same with the first. The instrument is as follows: "*Logansport, Ind., October* 28, 1842. $200. Messrs. *Pendleton* and *Zern* will please pay in conformity to the agreement between us, bearing date 17 *September*, 1842, to Messrs. *W. H. Pope* and Co., or order, the sum of 200 dollars, holding the balance of the funds deposited with you, if any, at my disposal and subject to my further order.—*Julius W. Dumont*, surviving partner, &c."·

The third count is for goods sold and delivered; and the fourth for money lent and for money paid.

Plea, the general issue.

May Term,
1845.

DUMONT
v.
POPE.

On the trial, the plaintiffs offered in evidence the instrument of writing described in the special counts, together with the protest of a notary for non-acceptance of the same. The protest alleges the presentment and refusal to accept to have been on the 29th of *November*, 1842, and that the reason given by the drawees for the non-acceptance was, that they had no effects of the drawer in their hands. A witness, *Patterson*, stated that shortly- after the making of the order, he wrote to a friend to ascertain if the drawees would accept it, and was informed that they would not. He also stated, that soon after he received said protest, he notified the defendant of it, but that the defendant paid no attention to the notice. The defendant proved that the distance from *Peru* to *Logansport* is 18 miles, and that a mail goes from one of those places to the other three times a week. This was all the evidence given in the cause.

Verdict for the plaintiffs for 200 dollars. Motion for a new trial overruled, and judgment on the verdict.

The question presented by this cause is, does the evidence support the verdict?

It is not necessary to determine whether the instrument of writing given in evidence is a bill of exchange or not. If it is a bill of exchange, the verdict is evidently wrong. To authorize the payee to recover against the drawer on such bill, in which, as in this case, no time for payment is specified, he must present the bill to the drawee for acceptance or payment within a reasonable time after it is received. Chitt. on Bills, 385. The parties here lived in towns in this state only 18 miles apart, and there was a mail which went three times a week from one town to the other. The bill was not presented until 30 days after it was received; and the presentment was, therefore, entirely too late. *Patterson's* testimony must be laid out of the case. He does not appear to have been an attorney or agent of the plaintiffs, and what he did has no bearing on the cause. Indeed, had he been the plaintiffs' agent, he did nothing that could benefit his principals. The plaintiffs say that no presentment was necessary, the drawees having no effects of the drawer; but the want of effects was not proved. The statement on the subject in the protest is no evidence of it. Indeed, it is doubtful whether the protest of an inland bill is evidence here for any purpose.

*Nicholls* v. *Webb*, 8 Wheat. 326. Considering the instrument, therefore, to be a bill of exchange, the plaintiffs' laches discharged the defendant from all liability on the bill, and on the consideration for which it was given.

We will next consider the case on the supposition that the instrument is not a bill of exchange. As there is no count on the special agreement averring a consideration, the plaintiffs must rely on the common counts. Supposing the plaintiffs' laches not to have discharged the drawer from liability, of which we give no opinion, still the evidence did not entitle them to recover. The instrument not being valid as a bill of exchange, it was not sufficient evidence under the money counts. The following is the language of Mr. *Chitty* on this subject: If an instrument, in other respects in the form of a bill of exchange, or promissory note, be invalid as such, as, for instance, because it was payable on a contingency, it will afford no *prima facie* evidence of having been given for *adequate consideration*, although it in terms profess to have been given for value received; nor will it be negotiable, or even valid between the original parties, unless it be proved that it was founded on adequate consideration. Chitt. on Bills, 11. The plaintiffs should have proved the consideration for which the order was given, and if that were goods sold and delivered, money lent, or money paid, and the plaintiffs' laches relative to the order were no discharge of the defendant's liability, the verdict would be right. But there was no evidence for the plaintiffs but the order, and protest, and *Patterson's* testimony; and, therefore, neither of the common counts was sustained.

For these reasons the Court ought to have granted a new trial.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. P. Biddle*, for the plaintiff.

*W. Wright*, for the defendants.