SHANKLIN v. COOPER.

SHANKLIN
v.
COOPER.

In a suit on the indorsement of a promissory note, a plea that the indorsement was made without any consideration whatever, is in substance valid.

The payee of a promissory note, which was executed and made payable in *New York*, having indorsed it in *Indiana*, was sued here on his indorsement. *Held*, that the indorsement must be governed by the law of *New York*; and that if the diligence necessary by the law of that state to fix the indorser had been used, the defendant was liable.

*Held*, also, that an instrument of writing, purporting to be a protest of said note with a certificate of notice to the indorser by a notary public in *New York*, was admissible evidence in said suit for the plaintiff, under the statute, without proof of its execution.

If in a suit tried on the general issue since the R. S. 1843, a verdict and judgment have been rendered for the plaintiff, the judgment will not be reversed merely because a demurrer to a special plea was erroneously sustained, if the matter specially pleaded was admissible evidence under the general issue.

8b 41
125 379

APPEAL from the *Vanderburgh* Circuit Court.

*Wednesday,*
*May 27.*

BLACKFORD, J.—This was an action of assumpsit brought by *Cooper* against *Shanklin*. The declaration contains three counts. The first two are on the indorsement of a promissory note, and the third is for money lent and for money had and received. The first count was demurred to generally, and the demurrer was sustained. To the second and third counts the general issue was pleaded; and to the second count, there were three special pleas. To the first special plea there was a replication, which was demurred to generally, but the demurrer was overruled. To the second special plea there was a general demurrer, and the demurrer was sustained. To the third special plea there was a replication and issue. The cause was tried on the general issue to the second and third counts, and on the issue on the replication to the third special plea. Verdict and judgment for the plaintiff.

The first error assigned is the sustaining of the demurrer to the second special plea. That plea is, that the indorsement of the note was made by the defendant to the plaintiff without any consideration whatever. The plea is, in substance, valid, and the demurrer to it should have been overruled. *Niles* v. *Porter*, 6 Blackf. 44.

The second error assigned is the overruling of the demurrer to the replication to the first special plea. As we con-

sider that plea to be bad, it is not necessary to examine the replication.

The second count, to which that plea is pleaded, states that the note, upon the indorsement of which the suit was brought, was made in the city of *Albany*, in the state of *New York*, by one *Maynard French*, and was payable to the defendant or order at the Canal Bank in that city, and that the indorsement was also made by the defendant to the plaintiff at the said city of *Albany*. It further states that, on, &c., the note was presented for payment at the said bank, and payment was demanded and refused, of which premises the defendant, on, &c., at, &c., had notice. It also sets out a law of *New York*, which places promissory notes on the same footing with inland bills of exchange. The plea avers, that the defendant resided in the state of *Indiana*, in which state he made the indorsement; that when the note fell due and for twelve months afterwards, the plaintiff and the maker of the note were resident in the state of *New York*, the maker during that time being solvent and able to pay the note; that the plaintiff had not, at any time, sued the maker on the note, nor in any other way attempted to enforce payment of the same. This plea is, in substance, a denial that the indorsement of the note was actually made in *New York*, and is bad on the ground that it tenders an immaterial issue.

We consider the indorsement to be a contract which must be governed by the law of the place where the note is payable, without regard to the place where the indorsement was actually made. The maker of the note before us bound himself to pay it in *New York* to the payee or order, and the payee, by the indorsement, directed him to pay it, at the same place, to the indorsee. The indorser is, indeed, the drawer of a bill of exchange, in which the maker of the note is the acceptor, and the indorsee the payee; and it is payable where the note is payable. The indorsement in the present case, therefore, if made in this state, stands on the same ground with a bill of exchange drawn here and payable in *New York;* and there can be no doubt but that the contract of the drawer of such a bill, would be governed by the law of *New York*.

The following is, in principle, a similar case to the one

under consideration: Assumpsit on a bill of exchange drawn in *England* in favour of the defendant on a house in *Paris*, and payable there. The defendant indorsed the bill to the plaintiff, both being domiciled in *England*. The Court held, that the bill being payable in *France* was a foreign bill, and, though actually made in *England*, must be taken, as between the drawer and payee, to have been made in *France*, according to the principle embodied in the civil law maxim, *contraxisse unusquisque in eo loco intelligitur, in quo ut solveret, se obligavit;* and that if this were so as between the drawer and payee, it was equally true as between the indorser and the indorsee; the former of whom must be considered as the drawer of a new bill, payable at the same place, in favour of the indorsee. The Court also held, that the notice of the dishonour of the bill to the indorser was parcel of the contract, and should be given according to the *French* law. *Rothschild et al.* v. *Currie*, 1 Adol. & Ell. N. S. 43.

It is evident, from the authority cited, that the indorsement of the defendant in this case, though it was actually made in this state, must be governed by the law of *New York* where the note was payable; and that if the diligence necessary by that law to fix the indorser was used, the defendant is liable.

The plea, therefore, that the indorsement was made in this state is no bar to the action.

The third error assigned is, that certain evidence of the plaintiff was improperly admitted. The evidence here alluded to, is an instrument of writing purporting to be a protest and certificate of a notary public of *New York*, with the note described in the declaration annexed thereto. This instrument is as follows:

" *United States* of *America*, State of *New York*, ss. Be it known that on the 17th day of *August*, in the year of our Lord one thousand eight hundred and forty, at the request of the *New York* State Bank, I, *Aaron D. Patchen*, notary public duly admitted and sworn, dwelling in the city of *Albany*, county of *Albany*, and state aforesaid, caused the annexed note of *M. French* for $1,000 and interest, to be presented at the Canal Bank to the teller, and payment thereof to be demanded, which was refused; whereupon I, the said notary,

at the request aforesaid, did protest, and, by these presents, do solemnly protest as well against the maker and indorsers of the said note, as against all others whom it doth or may concern, for exchange, re-exchange, and all costs, charges, damages, and interest, already incurred or to be incurred by reason of the non-payment of the said note. And I, the said notary, do hereby certify that, on the same day and year above written, due notices of the foregoing protest were put into the post-office at *Albany* or served as follows: Notice for *John Shanklin*, directed *Evansville, Ind.* Do. for do. directed do. *La.* Do. for do. directed do. *Ill.;* each of the above-named places being the reputed place of residence of the person to whom the notice was directed. In witness whereof, I have hereunto subscribed my name and affixed my seal of office in presence of *John Doe* and *Richard Roe*, witnesses. *A. D. Patchen*, Notary Public. [SEAL.]"

We think this evidence was correctly admitted. It was incumbent on the plaintiff to show the diligence he had used for the purpose of rendering the defendant liable; and to show that, he introduced the instrument in question. He did not prove the execution of the instrument, nor was it necessary for him to do so. There is a statute making such instruments admissible evidence of their official character, and of the truth of the facts set forth in them. R. S. 1838, p. 274. The instrument was rightly received, therefore, to prove the steps which had been taken to fix the indorser. Whether those steps were sufficient for the purpose is a different question.

The only error shown by the record is the sustaining of the demurrer to the second special plea; but that error ought not to reverse the judgment. The statute enacts, that no judgment in any civil action shall be reversed after verdict, where the merits appear to have been fully decided. R. S. 1843, p. 639. The general issue was filed in this suit, and the defendant could, under that plea, have availed himself of the defence contained in his second special plea, and it must be presumed that he did so.

*Per Curiam.*—The judgment is affirmed with **3** *per cent.* damages and costs.

*C. Baker*, for the appellant.

*J. Lockhart*, for the appellee.