McClure *v.* Pursell.

Rule 30 of the Supreme Court does not apply to cases tried before *June* 1, 1853.

A bill of exceptions in a cause tried prior to *June* 1, 1853, after setting out certain evidence adduced in chief by the plaintiff, stated, "upon this evidence

the plaintiff rested his case." Certain evidence adduced by the defendant was then set out, and the bill stated, "upon this evidence the defendant rested his defence." The bill then set out certain other evidence adduced by the plaintiffs, and stated, "this rebutting testimony closed the evidence in the case." *Held*, that it sufficiently appeared that the bill contained all the evidence given at the trial.

The omission by a party to traverse a material fact alleged by his adversary, is, in effect, an admission of it.

The *onus probandi* lies upon the party who substantially asserts the affirmative of the issue.

A judgment for the plaintiff, in a suit tried on the general issue, will not be reversed merely because a material special plea was not replied to, if the facts alleged in it were admissible under the general issue.

APPEAL from the *Cass* Circuit Court.

DAVISON, J.—Debt by *Pursell* against *McClure* on two promissory notes, each for the payment of 175 dollars. The notes are dated *December* 8, 1849, payable, one in twelve months, and the other in two years, to *Converse* and *Burdge*, and by them, on the 15th of *February*, 1850, assigned to *Pursell.*

*McClure* pleaded the general issue and five special pleas. The third, fifth and sixth pleas make no point in the case. The second and fourth are, substantially, as follows:

The second plea alleges that the notes in suit were given to *Converse* and *Burdge* for the sale and conveyance to *McClure* of the right to use and vend, &c., within certain counties, (naming them,) a new and useful improvement in machinery for cutting screws on the rails of bedsteads; and that the said *Converse* and *Burdge*, at the time, &c., represented to him that they had obtained letters patent, under the seal of the patent office, granting to them the full and exclusive right of making, using and vending the said new and useful improvement, when in truth they had not obtained such letters patent, nor had they good right and authority to vend such new and useful improvement, &c.

The fourth plea alleges that *Converse* and *Burdge*, on the said 8th of *December*, 1849, and before the assignment of the notes, by their memorandum in writing, promised *McClure*, as a condition to be performed before the payment of the notes, to furnish him, within one year

*Wednesday,
June 6.*

after that date, an original power of attorney, similar to one then held by the said *Pursell*, under which he was then acting as their agent, showing his right, in their names, to execute a deed granting to *McClure* the right to use and vend the said new and useful improvement within said counties; yet that the said *Converse* and *Burdge* have not furnished or offered to furnish such original power of attorney.

To the fourth plea there was no replication; but to the second plea the plaintiff replied "that *Converse* and *Burdge* had good right and authority to vend to the defendant the right to use the new and useful improvement in said plea mentioned."

The Court, by consent, tried the cause, and found for the plaintiff 369 dollars. Motion for a new trial denied, and judgment for the plaintiff.

The record contains a bill of exceptions, which shows that the plaintiff, to maintain the issues on his part, gave in evidence the two promissory notes and the respective assignments thereon, "and upon this evidence rested his case." That thereupon the defendant introduced an instrument executed by *Converse* and *Burdge*, whereby they agreed to furnish him, within one year from the said 8th of *December*, 1849, an original power of attorney (as described in the fourth plea) as a muniment of his title; which power was to be furnished before payment of said notes was demanded, &c. That *Pratt*, a witness for the defendant, was then produced, who testified that he drew the notes and the above instrument; that the notes sued on are the same therein referred to; that their execution and that of the instrument were concurrent acts; and that he saw them executed. That "upon this evidence the defendant rested his defence;" whereupon the plaintiff introduced *B. W. Peters*, his attorney, who stated that the defendant, during the year prior to the commencement of this suit, had repeatedly offered to give him wagons in payment of one of the notes, and made no objection to paying it. That of the other note no mention was made during that time by either party. The witness also testi-

fied that the defendant expressed himself fully satisfied with his bargain in the machine. That "this rebutting testimony closed the evidence in the case."

The appellant contends that upon his second plea he should have succeeded, because the issue made on that plea was not proved, and the burden of proving it rested on the plaintiff; but the appellee insists that though the evidence, as it appears in the transcript, may be insufficient to support the finding of the Court, still the judgment should be affirmed, because the record does not show that it contains all the evidence. Rule 30 of the Supreme Court relates to this subject; but the cause was tried in the Court below prior to the 1st of *June*, 1853, when it took effect. Hence the point made by the appellee must be considered without reference to that rule.

It will be seen that after the introduction of the notes and assignments thereon, the record states that "upon this evidence the plaintiff rested his case." Also at the conclusion of the testimony for the defence, it alleges that "upon this evidence the defendant rested his defence." The record then sets forth certain evidence given by the plaintiff, and avers that "this rebutting testimony closed the evidence in the case." These statements, when taken together, seem to repel any presumption that evidence, other than that contained in the record, was given on the trial.

The above replication takes issue only upon the last averment in the plea. It merely affirms that *Converse* and *Burdge* had "good right and authority to vend the improvement," thereby admitting that the sale and conveyance to the defendant was the consideration of the notes; because it is a principle applicable to all pleading, that "the omission by either party to traverse any material fact alleged by his adversary, is, in effect, an admission of it." 1 Chitty Pl. 623.—Gould Pl., c. 3, s. 167. In the present case, the affirmative of the issue made by the plaintiff's replication is not sustained by the evidence. The defendant may have offered to pay one of the notes and expressed himself satisfied with his bargain; all that, however, falls

short of proof that the vendors had obtained letters patent, or had good right to vend the improvement.

But upon which of the parties devolved the *onus probandi?* Mr. *Greenleaf* says, that the rule which governs in the production of evidence is, "that the obligation of proving any fact lies upon the party who, substantially, asserts the affirmative of the issue." 1 Greenl. Ev., s. 74. Again, it is said, "that the party who alleges the affirmative of any proposition shall prove it." 1 Stark. Ev. 376. To this rule, it is true, there are exceptions, but none of them apply to the present inquiry. 1 Greenl. Ev., ss. 78, 80. We are, therefore, of opinion that under the issue taken upon the second plea, the plaintiff was bound to prove affirmatively the averment in his replication, and having failed to support that averment with sufficient proof, the defendant was entitled to a judgment.

Another ground is assumed by the appellant. No issue was taken on the fourth plea. It remains undisposed of and unanswered. That plea, no doubt, presented a material question in the case. If the vendors agreed not to enforce payment of the notes until they had furnished the defendant with the "original power of attorney" described in the plea, and have failed in the performance of their agreement in that respect, the plaintiff had no right to recover. But the defence set up by this plea, it is said, could have been made under the general issue, and the want of an issue on the plea, though erroneous, should not be allowed to reverse the judgment. We concur in that opinion. This Court has repeatedly decided that "a judgment for the plaintiff, in a suit tried on the general issue, will not be reversed merely because a demurrer to a special plea was erroneously sustained, if the matter specially pleaded was admissible under the general issue." *Shanklin* v. *Cooper*, 8 Blackf. 41.—*Fairfield* v. *Browning*, 1 Ind. R. 322. These cases, though not strictly analogous to the one before us, involve a principle which may be aptly applied to the point under consideration. The defendant has had "an opportunity to introduce the same evidence under the general issue, that he could have intro-

duced under the fourth plea." Indeed, the record shows that evidence tending to support that defence was given on the trial.

The testimony, however, being insufficient to support the finding of the Court, a new trial should have been granted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. D. Pratt* and *S. C. Taber*, for the appellant.

*H. P. Biddle*, for the appellee.