May Term, 1855.

CHRISMAN
v.
MELNE.

------—-o-•-•-------

CHRISMAN and Others *v.* MELNE.

A plea rejected on motion is no part of the record unless made so by bill of exceptions.

If in a suit tried on the general issue, a judgment has been rendered for the plaintiff, the judgment will not be reversed merely because a demurrer to a special plea was erroneously sustained, if the matter specially pleaded was admissible evidence under the general issue.

A motion in arrest of judgment is in effect an admission that the verdict is in accordance with the weight of evidence, and when it precedes a motion for a new trial, the latter motion is unavailing.

ERROR to the *Marion* Court of Common Pleas.

*Friday,
June 15.*

DAVISON, J.—Assumpsit by *George Melne*, the indorsee of *Elijah Tyner*, against *William Chrisman* and others, parties to a bill of exchange. The bill, which is dated *August* 23, 1848, was drawn by *Chrisman* in favor of *James Leary*, for 600 dollars, payable in one hundred and twenty days, at the office of the *Ohio Life Insurance and Trust Company*, *Cincinnati*, accepted by *Banner Lawhead*, and indorsed by *Leary* and *Tyner*.

*Chrisman* and *Leary* were defaulted; but *Lawhead* and *Tyner* appeared. *Lawhead* pleaded the general issue, and *Tyner* the general issue and five special pleas.

No question has been raised as to the third, fourth and sixth pleas. They will not, therefore, be further noticed.

The second plea is copied in the transcript. In form it is a plea of non-assignment, and is said to have been rejected on the plaintiff's motion; but no exception was taken to the ruling of the Court; and "a plea rejected on motion is no part of the record, unless made so by a bill of exceptions." *Henderson* v. *Reed*, 1 Blackf. 347. Hence the second plea is not properly before us.

The fifth plea avers, that the bill sued on was, on the 20th of *January*, 1849, the property of the branch bank at *Indianapolis*; that *Tyner*, on that day, fully paid to said branch the principal, interest and costs then due on said bill; and that afterwards, on the same day, the plaintiff obtained possession of it by fraud, without consideration, &c. To this plea a demurrer was sustained.

We perceive no ground in support of this decision. Still the error in sustaining the demurrer is no cause for reversing the judgment. The evidence admissible under that plea was also admissible under the general issue. The cause has been tried under the general issue, and the defendant has had an opportunity to introduce the same evidence which he could have introduced under the fifth plea. The decision of the Court did not, therefore, injure him, and he can not complain of it. *Shanklin* v. *Cooper*, 8 Blackf. 41.—*Cohee* v. *Cooper*, *id.* 115.

The cause was submitted to the Court for trial, and the Court found for the plaintiff 706 dollars.

The record contains a bill of exceptions, which professes to set out all the evidence given on the trial, and avers that upon the finding of the Court the defendants moved in arrest of judgment and for a new trial, which motions the Court overruled, and rendered judgment, &c.

We have repeatedly decided that a motion in arrest is in effect an admission that the verdict is in accordance with the weight of evidence; and when it precedes a motion for a new trial, the latter motion is not available. *Rogers* v. *Maxwell*, 4 Ind. R. 243.—*Bepley* v. *The State*, *id.* 264.—*Sherry* v. *Ewell*, *id.* 652.—*Tuberril* v. *Stamp*, 2 Salk. 647.—1 Sellon Pr. 505.—Steph. Pl. 126.—2 Ind. R. 117.

There being no sufficient cause for the motion in arrest, the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Morrison* and *S. Major*, for the plaintiffs.