139

Nov. Term,
1856.

TURNER
v.
ROGERS.

*L. Reilly*, for the State.

8   139
125   379

## TURNER *v.* ROGERS and Another.

A notarial protest of a promissory note is admissible evidence under
the statute to show that due diligence has been used to fix the indorser.
But where a bill was drawn, indorsed and payable in *Ohio*, and the pro-
test states that the notice was sent by mail, addressed to the indorser
at *New Albany, Indiana*, there must be proof that the indorser resided
there.

APPEAL from the *Floyd* Circuit Court.

*Thursday,
November 27.*

GOOKINS, J.—*Rogers* and *Sherlock* brought this action
against *Turner*, as indorser of three promissory notes,
executed and payable in *Ohio*, and protested at maturity
for non-payment. A statute of *Ohio* is set out in the
complaint, making promissory notes negotiable, and
giving the indorsee a right of action against the indor-
ser, upon demand of payment at maturity, and notice
of dishonor.

The defendant answered by a general traverse.

Trial by the Court. Finding for the plaintiffs for
the amount of the notes. New trial refused, and judg-
ment.

The plaintiffs' evidence consisted of the notes with
their indorsements; a protest of each for non-payment
at maturity; and the law of *Ohio* set out in the com-
plaint. This was all the evidence.

Nov. Term,
1856.

TURNER
v.
ROGERS.

The only question is whether the protests are sufficient evidence of diligence to charge the indorser. They state the presentment and non-payment, and proceed: "Whereupon I then protested the same for non-payment, and notified *Henry Turner* and *John H. Woodfill*, (a subsequent indorser,) by letter to each, at *New Albany*, *Indiana*, per mail, without delay, the same day."

We are to look to the law of *Ohio* for the facts which will charge an indorser, and to the law of *Indiana* for the evidence to prove them.

The statute of *Ohio* provides that a demand of payment from the maker, on the third day of grace, and notice of non-payment to the indorser, within a reasonable time thereafter, shall be adjudged due diligence.

A statute of this State is as follows: "Certificates or instruments, either printed or written, purporting to be the official act of a notary public of this State, or of any other State or territory of the *United States*, and purporting to be under the seal and signature of such notary public, shall be received as presumptive evidence of the official character of such instrument, and of the facts therein set forth." 2 R. S. p. 91, s. 281. Another statute,—that which authorizes the appointment of notaries public and prescribes their duties,—gives the notary power to do all acts which by common law and the custom of merchants he is authorized to do; to certify acknowledgments of deeds; to administer oaths; take depositions, &c.; and provides that "the official certificate of a notary public, attested by his seal, shall be presumptive evidence of the facts therein stated, in cases where he is authorized by law to certify such facts." 1. R. S. pp. 377, 378, ss. 5, 6. The act regulating fees of officers, gives to a notary public, for each protest 50 cents, and for each notice thereof, 25 cents. 1 R. S. 290.

In *Fisher* v. *The State Bank*, 7 Blackf. 610, a construction was put upon two statutes, one of 1838, (R. S. p. 274,) which was the same as that of 1852 just quoted, (1) and one of 1842, (Acts p. 79,) fixing the

notary's fees for protest and notice thereof. It was held that under these statutes a notary was authorized to demand payment of a note and to give notice of its dishonor; and that the acts being authorized, the protest stating them to have been done was admissible to prove their performance.

The *Ohio* statute put promissory notes on the footing of inland bills. In *Dumont* v. *Pope*, 7 Blackf. 367, it was doubted whether the protest of an inland bill was evidence for any purpose; (2) and independent of the case of *Shanklin* v. *Cooper*, 8 Blackf. 41, we think it would be very difficult to find authority giving to the protest of an inland bill or note made out of this State, any force whatever here. (3) Nevertheless, we are inclined to follow that case, and to hold that so far as presentment, demand of payment, and the transmitting of notice are concerned, the protest is evidence. The universal practice of doing so, which the commercial community has adopted, and which is well known to the profession, indicates the propriety of this course; and as a contrary rule would require us to overrule a decision of this Court, we are disposed, instead of doing so, to follow it.

But we think the plaintiff did not entitle himself to a verdict by the evidence offered. He gave no evidence that the defendant resided at *New Albany*, or any where else. The notary's statement in the protest that he notified the indorsers, is qualified by specifying the manner in which it was done—that is, by addressing the notices to them at *New Albany*. The bill was drawn, indorsed, and payable, in *Ohio*. There is no presumption that they resided at *New Albany*. That the defendant was served with process five years afterwards, in *Floyd* county, is the evidence, if any, to show that the notice was properly directed. Without an entire departure from the rule that the plaintiff must prove his case, we cannot hold this sufficient.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

Nov. Term,
1856.

TURNER
v.
ROGERS.

W. T. *Otto* and J. S. *Davis*, for the appellant. (4)
R. *Crawford*, for the appellees. (5)

(1) The statutes of 1838, R. S. p. 274; of 1843, R. S. p. 727; and of 1852, R. S. vol. 2. p. 91, are precisely alike.

(2) *Dumont* v. *Pope*, was an action of debt, brought upon an order in writing, bearing date the 17th day of *September*, 1842. A notarial protest was in evidence, setting forth that the reason given by the drawees for non-acceptance was that they had no effects of the drawer in their hands. Judge *Blackford* remarks, "The plaintiffs say no presentment is necessary, the drawees having no effects of the drawer; but the want of effects was not proven. The statement on the subject in the protest is no evidence of it. Indeed, it is doubtful whether the protest of an inland bill is evidence here for any purpose."

(3) One of the errors assigned in *Shanklin* v. *Cooper*, was that "an instrument of writing purporting to be a protest and certificate of a notary public of *New York*, with the note described in the declaration annexed thereto," was improperly admitted in evidence. After setting forth the instrument, Judge *Blackford* said: "We think this evidence was correctly admitted. It was incumbent on the plaintiff to show the diligence he had used for the purpose of rendering the defendant liable; and to show that, he introduced the instrument in question. He did not prove the execution of the instrument, nor was it necessary for him to do so. There is a statute making such instruments admissible evidence of their official character, and of the truth of the facts set forth in them. R. S. 1838, p. 274. The instrument was rightly received therefore, to prove the steps which had been taken to fix the indorser. Whether those steps were sufficient for the purpose is a different question."

(4) Counsel for the appellant cited the following authorities not referred to in the opinion of the Court:

A protest of an inland bill or promissory note, is not necessary, nor is it evidence of the facts stated in it. The *Union Bank* v. *Hyde*, 6 Wheat. 572; and it is no part of the official duty of a notary to give notice to an indorser of a promissory note, which has been dishonored. *Burke* v. *McKay*, 2 How. U. S. 66.

The assignee of a promissory note, assignable under the statute, brings suit against the assignor. The latter warrants two things. 1. That the note is valid, and the maker liable to pay it. 2. That the maker of the note is solvent and able to pay it. *Howell* v. *Wilson*, 2 Blackf. 418.

"The notice of protest should inform the party to whom it is addressed, either in express terms or by necessary implication, or, at all events, by reasonable intendment, what the bill or note is, that it has become due, that it has been duly presented to the drawer or maker, and that payment has been refused." Chitty on Bills, 10 Amer. ed. 469.

"It is indispensable that the notice should either expressly or by just and natural implication contain in substance, the following requisites: 1. A true description of the note, so as to ascertain its identity. 2. An assertion that it has been duly presented to the maker at its maturity,

and dishonored. 3. That the holder or other person giving the notice, looks to the person to whom the notice is given, for reimbursement and indemnity." Story on Prom. Notes, s. 348, and the authorities there cited.

The tendency of recent decisions, both in *England* and *America*, is to relax the rigorous interpretation of the rule which formerly prevailed; but it is still necessary that the notice should contain a description of the note, and a statement of its dishonor. If the notice is in this respect sufficient, sending it to the party whom it is intended to charge, is all that is requisite to show that the holder looks to him for reimbursement and indemnity. *Bank of the United States* v. *Carneal*, 2 Pet. 543. *Meirs* v. *Brown*, 11 Mees. and Welsb. 372.

In cases where the residence of the indorser is unknown to the notary, the rule is well stated in *Beveridge* v. *Burgis*, 3 Camp. 262: "Ignorance of the indorser's residence may excuse the want of due notice, but the party must show that he has used reasonable diligence to find it out." *Vide*, also, 13 Johns. 484 *Hill* v. *Varrell*, 3 Greenl. 233; *Stuckert* v. *Anderson*, 3 Whart. 116; Story on Prom. Notes, s. 316.

In *Musson* v. *Lake*, 4 How. U. S. 262, a protest was offered in evidence against an indorser of a foreign bill of exchange. It was conceded that the bill itself must be exhibited when the demand of payment is made upon the drawee. The statement in the protest was, that the notary "had demanded payment." The protest was objected to because it did not state that the bill was presented to the acceptor when the demand of payment was made. The judges of the Circuit Court being opposed in opinion on the question, it was certified to the Supreme Court. It was insisted by counsel, that public officers are presumed to know their duty and to do it, and as a notary had no right to demand payment, in the absence of the security which attested the party's liability, or without its presentment, he was entitled to the presumption that the demand followed the presentment. The Court held, that the protest could not be read to the jury as evidence of the presentment of the bill for payment, or of its dishonor. The Court further said, in answer to the position of counsel above referred to, "This is substituting presumption for proof, in violation of all the rules of evidence."

But a notary, in giving the notice, does not act in an official character. *Solarte* v. *Palmer*, 7 Bing. 530.—*Hartley* v. *Case*, 4 B. and C. 339.—*Morgan* v. *Van Ingen*, 2 Johns. 204.

*Harris* v. *Robinson*, 4 How. U. S. 336, was a suit against the indorser of a promissory note. The depositions of the notary and other witnesses were taken to prove due diligence in ascertaining the residence of the indorser or his nearest post-office, and the same course was pursued in *Lambert et al.* v. *Ghiselin*, 9 id. 552. In the first case, two of the justices, *McLean* and *McKinley*, dissented upon the ground that the facts stated did not constitute due diligence.

Where the facts are ascertained and undisputed, what shall constitute due diligence is a question of law. *The Bank of Columbia* v. *Lawrence*, 1 Pet. 578.

(5) The counsel for the appellee cited the following cases not noticed in the opinion of the Court:

If it is proved that the indorser was notified, it is immaterial where it was done. It was not necessary to state any place to which the notices were sent. *Jenks* v. *Doylestown Bank*, 4 Watts and Serg. 505. And the notary having certified that he had notified the defendant, by written notices directed to him at *New Albany*, is substantially certifying that the defendant resided or received his letters there. *Bell* v. *Hagerstown Bank*, 7 Gill, 216.

The question here is, not what is a sufficient notice, but what is sufficient evidence of notice. *Musson* v. *Lake*, 4 How. U. S. 262, whether consistent or not with the current of decisions, is not in point. But *Nicholls* v. *Webb*, 8 Wheat. 326, (5 Cond. R. 451), is a direct authority. There the protest for non-payment of a note, stated that the notary "had duly notified the indorsers of the non-payment," and the book of the notary contained the entry, opposite a copy of the protest, "Indorser duly notified in writing, 19th *July*, 1819, the last day of grace being *Sunday*, the 18th;" and it was held the protest and entry in the book, (the notary being dead), were evidence of notice being given, and sufficient evidence of due notice.

In *Eldredge* v. *Chacon*, Crabb, 296, it was held that a statement in a protest, that notice was given to the indorser, was sufficient *prima facie* evidence that notice was given in a due and regular manner. In *Bell* v. *Perkins*, Peck, 261, a memorandum in the margin of the notary's book, opposite to the entry of the protest of a note, in these words, "Indorsers duly notified in writing," was held good evidence to go to the jury of notice to the indorser, the notary being dead. So in *Steward* v. *Allison*, 6 S. and R. 324; *Crowley* v. *Barry*, 4 Gill, 194; *Walker* v. *Bank of Augusta*, 3 Kelly, 486; *Dobson* v. *Laval*, 4 McCord, 57; recitals in the protest, in general words, that notice had been given to the indorsers, was holden sufficient evidence of legal notice.

In *Ball* v. *Bank of Alabama*, 4 Ala. 590, the cashier testified that "in due course of mail he received a package containing a hundred or more protests; that he had no distinct recollection of the one in question, but did not doubt that it was regularly received; and that notices were enclosed, addressed, and mailed, on the same day, to the indorsers, as was his constant practice;" and it was held sufficient evidence that notice was duly sent to the defendant.