May Term, 1858.

BLANKEN-
SHIP
v.
ROGERS.

---

## BLANKENSHIP *v.* ROGERS.

In a suit upon a protested order, the plaintiff is not bound to allege and prove notice of non-payment, if he allege and prove that, at the date of the order, the drawee had no effects of the drawer in his hands, save the amount paid and credited on the order, on presentment.

May Term,
1858.

BLANKEN-
SHIP
v.
ROGERS.

Tuesday,
June 1.

In such a suit by *A.* against *B.,* the defendant cannot plead a note executed by *A.* and *C.,* jointly, as a set-off.

Touching the mutuality of the debt sued on, and that pleaded as a set-off, the code does not change the law.

APPEAL from the *Morgan* Court of Common Pleas.

DAVISON, J.—*Rogers* was the plaintiff below, and *Blankenship* the defendant. The complaint alleges that the defendant, on the 17th of *September,* 1852, was indebted to the plaintiff on settlement for work and labor 96 dollars, for which at that date, he, defendant, made his instrument in writing, commonly called an order, and thereby requested one *Jefferson Wampler* to pay the above amount to the plaintiff; that afterwards, the order was presented to *Wampler,* the drawee, who paid thereon 37 dollars and 71 cents, and as to the residue, protested it for want of effects in his hands belonging to the drawer, whereof the defendant had notice, &c. It is averred that, after deducting the amount paid by the drawee, there remained due on the order 65 dollars.

The instrument sued on is as follows:

" *Gosport, September,* 17th, 1852. *Mr. Jefferson Wampler*: Please pay *John Rogers* 96 dollars, and charge the same to my account, and oblige yours, &c.; it being his part for doing your work. [Signed,]     *Perry M. Blankenship.*"

The following are the indorsements on the order: " *October* 29. Received on the within, 35 dollars. *October* 5. Received 2 dollars and 71 cents. *October* 5, 1853, I protest the remainder of the within order. [Signed,]     *Jefferson Wampler.*"

The answer contains four paragraphs. The first denies that defendant was indebted to plaintiff on settlement, for work and labor, or otherwise; says that defendant and plaintiff, jointly, built a house for *Wampler,* the drawee, and that defendant gave the order, not because he was indebted to the plaintiff, but to inform the drawee of an understanding then existing between defendant and plaintiff, viz., that plaintiff was entitled to receive of *Jefferson Wampler* 96 dollars—that sum being a balance due from him to

them. The second avers that defendant knows nothing of the presentation of the order to the drawee, or of its protest by him, save what he learns from the complaint, and therefore he demands proof, &c. The third paragraph avers that *Wampler*, the drawee, was indebted to defendant and plaintiff, jointly, for building the house, in the amount stated in the order whereof the plaintiff had notice, &c. And the fourth, by way of set-off, alleges that plaintiff is indebted to defendant 49 dollars, by two promissory notes, executed by plaintiff and one *Hallick*, dated *September* 24, 1849, payable to *Hezekiah Wampler*, at one and two years, and by him, on the 18th of *January*, 1854, assigned to the defendant.

May Term, 1858.

BLANKEN-SHIP
v.
ROGERS.

The plaintiff demurred to the first, third and fourth paragraphs; but his demurrers were overruled.

The Court tried the cause and found for the defendant 58 dollars; and having refused a new trial, rendered judgment, &c.

To sustain his action, the plaintiff, upon the trial, gave in evidence the order with its indorsements, as set forth in the complaint, and then produced *Jefferson Wampler*, the drawee, who testified that when the order was drawn he was indebted to the defendant for work by him and others done on witness's house, to the amount which he paid plaintiff, and which is indorsed on the order, and no more; that witness contracted with defendant to do the carpenter's work on his house, and when the contract was made he told defendant that he should probably want the plaintiff to work on it, at least to the amount of an account which witness held against him; that he does not recollect the exact amount of the account, but thinks it was not over 25 dollars; that plaintiff and defendant both worked on the house; that defendant seemed " to boss the work;" that witness knew nothing of their being in partnership in regard to the work, but had frequently seen them working together.

*Hendricks*, another witness, testified that in *September*, 1849, plaintiff and one *Hallick* told him that they were in partnership in the carpenter business.

May Term,
1858.

BLANKEN-
SHIP
v.
ROGERS.

The plaintiff having rested, the defendant gave in evidence the notes and indorsements described in the fourth paragraph. They read thus:

" *Sept.* 24, 1849. One year after date we promise to pay to the order of *Hezekiah Wampler* twenty-nine dollars and fifty cents for value received. [Signed,]

"*John Rogers,*
"*William Hallick.*"

" *Jan'y* 18, 1854. I assign the within note to *Perry M. Blankenship.* [Signed,]     *Hezekiah Wampler.*"

" *Gosport, Sept.* 24, 1849. Two years after date we promise to pay to the order of *Hezekiah Wampler* twenty-nine dollars and fifty cents for value received. [Signed,]

"*John Rogers,*
"*William Hallick.*"

" I assign the within note to *Perry M. Blankenship.*

[Signed,]     " *Hezekiah Wampler.*"

The evidence, it will be seen, proves that the contract for building the house was made by the defendant in his own name, but fails to show any partnership between him and the plaintiff. Hence, it must be inferred that the work which the plaintiff did on the house was done under the employment of the defendant, and that the order was given to the plaintiff for the amount of his services as such employee. It cannot, therefore, be assumed that the order was drawn for the mere purpose of informing the drawee of an arrangement between the drawer and payee, as alleged in the first defense. This conclusion seems to be consistent with the evidence, and not in conflict with the language of the instrument sued on.

But it is insisted that the plaintiff, having failed to allege and prove notice of the non-payment of the order within a reasonable time after it was presented, cannot sustain his action. There is nothing in this objection. The complaint avers, and the evidence proves, that the drawer, at the date of the order, had no effects in the hands of the drawee save the amount paid and credited at the time of its presentation; and such being the case, the failure to notify the drawer of non-payment did not discharge him of liability.

We are referred to *Dumont* v. *Pope*, 7 Blackf. 367; but that case, so far as it may have any bearing upon the point under consideration, simply decides that "a statement in the protest of an inland bill for non-acceptance that the reason given by the drawee for non-acceptance was that he had no effects of the drawer, is no evidence of the want of effects," while in the case before us it was sufficiently proved, by competent evidence, that the drawee, at the time the order was drawn and presented, had no effects of the drawer over the amount credited upon the instrument in suit. The case cited is therefore not applicable.

It remains to be considered whether the defendant was entitled to set off the notes described in the answer. These notes were executed jointly by *Rogers*, the plaintiff, and one *Hallick*, who assigned them to the defendant. It is conceded that prior to the revision of 1852, they would not have been a proper set-off, because the debt of which they are evidence, and that sued for, are not mutual. Still, it is insisted that the law of set-off, now in force does not require such mutuality.

By the present code, it is provided that set-off shall be allowed only in actions for money demands upon contract, and must consist of matter arising out of a debt, duty or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off." 2 R. S. p. 39, § 57. This provision, it is true, does not require the debt pleaded in set-off, and that sued on, to be mutual. Still, it seems to us, that the legislature did not intend to allow such defense where a separate action could not be maintained against the plaintiff, for the debt proposed to be set off. In this instance, the plaintiff and another are jointly bound for the payment of the notes set up in the answer; hence, it is evident that the defendant could not, in an ordinary suit upon the notes, recover without making both the joint promisors parties. It seems to follow that the proposed set-off was not allowable. Indeed, the word "set-off," as used in the statute, involves the requirement of mutuality; and it may be correctly assumed that, in respect to such require-

May Term, 1858.

ment, the law of set-off remains as it stood prior to the revision of 1852. The result is, that the Court, in its refusal to allow the set-off, committed no error.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*W. R. Harrison*, for the appellant.