## LEM STINSON v. THE STATE.

1. JUROR'S OATH. — If the judgment recites that the jury "were duly sworn," this court will presume that the oath prescribed by the statute was the one administered.

2. INFORMATION. — An information must, in every material allegation, follow and correspond with the affidavit. Neither bad spelling nor verbal or grammatical inaccuracies, which do not affect the sense, are fatal to an indictment or information.

3. PRACTICE. — The appellant contends that the court below erred in sustaining the validity of an affidavit which was filed on Sunday, citing Paschal's Digest, art. 1424. *Held*, that this article applies only to civil suits; and *held*, that, having failed to raise that question in the court below, it amounted to a waiver, and it is too late to raise it for the first time in this court.

4. AFFIDAVIT. — An affidavit attached to an information that bears the file-mark of the court will itself be considered filed.

APPEAL from the County Court of Hunt. Tried below before the Hon. H. B. SIMONDS, County Judge.

*E. W. Terhune*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

ECTOR, P. J. The first assignment of error is, that "the court erred in rendering judgment on the information, because it was not based upon an affidavit filed in this cause."

Every information must be based on an affidavit filed in the case, and setting up the offence charged in the information. The objection that the affidavit was not filed with the information is not sustained by the record. The information states that it is "founded on the written affidavit of Isaac Laster, which is herewith filed." And the appellant states, in his motion for a new trial, that the affidavit was attached to the information, by a brass pin. On the back of the information is the following indorse-

ment: "Filed the 5th day of May, A. D. 1878, A. Cameron, clerk."

The affidavit and information being attached together, we believe that the file-mark relates to both instruments, and shows that the information was based upon an affidavit filed in the cause.

The next position taken by the defendant is, that "the judgment is a nullity because the record only shows that the jury were duly sworn, and not that they were lawfully sworn, nor does it set out that the legal oath of a jury was administered." If the judgment recites that the jury "were duly sworn," it will be sufficient; and this court will, upon such recital in the judgment entry, presume that the oath prescribed by the statute had been administered to the jury. *Chambers* v. *The State*, 2 Texas Ct. App. 396; *Leer* v. *The State*, 2 Texas Ct. App. 495.

The next assignment of error is that "the court erred in rendering judgment on the information, because it does not follow the purported affidavit, nor correspond with it." This assignment is not well taken. The information, in every material allegation, must follow and correspond with the affidavit. The affidavit charges the defendant with the theft of seventy "ears of corn," and the information with seventy "years of corn." Bad spelling, verbal or grammatical inaccuracies, which do not affect the sense, are not fatal to an indictment. The writing of "*fifty-too*," for "*fifty-two*," was held not fatal, and so writing "*assalt*" for "*assault*." *The State* v. *Hedge*, 6 Ind. 333; *The State* v. *Crane*, 4 Wis. 400.

The remaining assignment of error is that "the court erred in rendering judgment, because the information was filed on Sunday." If we are to be governed by the file-marks indorsed on the information, this shows that the information was filed on May 5, 1878. There is no statement of facts in the record. This court, it may be said,

judicially knows that the fifth day of May last was Sunday. The question attempted to be presented by this assignment is, Could the lower court render a valid judgment on an information filed on Sunday? In support of this assignment, counsel for defendant, in his brief, has cited but one authority on this question, to wit, Paschal's Digest, art. 1424. This article is as follows: "No civil suit shall be instituted, nor shall any process be had in any suit, on Sundays, except in cases of attachment or sequestration." This article applies only to civil suits.

A warrant of arrest may issue at any time, when oath is made before the proper officer that another has committed some offence against the laws of the State, and the requirements of the warrant are given. Arts. 2684, 2686. The Code also provides that "an arrest may be made on any day, or at any time of the day or night."

The only other provision to be found in our Code of Procedure relative to the action of courts on Sunday is to be found in Paschal's Digest, art. 3150. None of them have any special bearing on the question now before us. Our statute further provides that "whenever it is found that this Code fails to provide a rule of procedure in any particular state of case which may arise, and is, therefore, defective, the rules of the common law shall be applied and govern." Pasc. Dig., art. 2493. By the common law it appears that all judicial proceedings on Sunday are prohibited, and all other acts are lawful unless prohibited by statute. *Story* v. *Elliott*, 8 Cow. 27; *Baxter* v. *The People*, 3 Ill. 384; 3 Thomas's Coke, 354; *Shearman* v. *The State*, 1 Texas Ct. App. 215.

We believe that the question we are now considering is made too late, being raised for the first time in this court; that, not being raised in the lower court, it may be considered as having been waived by the defendant; or it may be that the clerk, in indorsing the time of filing on the

information, may have given a wrong date, and if so, had the attention of that court been called to it at the proper time, such clerical error could have been corrected. And again, such clerical error may have been made by the clerk in preparing the transcript for this court; and in support of this view we see that the defendant, in his motion in arrest of judgment, states that the information was filed on May 6, 1878. The record further discloses the fact that the case was tried on the seventh day of May.

We find no error committed by the court below in the trial of this cause. The judgment is, therefore, affirmed.

*Affirmed.*