## KNOUR and Others *v.* DICK.

Except where the code has otherwise provided, mutuality is essential to a set-off.

*Saturday,
January* 14,
1860.

APPEAL from the *Warren* Court of Common Pleas.

WORDEN, J.— *Dick,* the plaintiff below, brought suit against *Knour, Hixon,* and *Swank,* on a joint note made by the defendants to the plaintiff. *Knour* pleaded, amongst other things, by way of set-off, a debt due to him from the plaintiff.

A demurrer was sustained to the plea, and the correctness of this ruling is the only question involved in the case.

The decision below on the demurrer, was undoubtedly correct. The debt sought to be set off lacked the essential of mutuality. It was due from the plaintiff to only one of the defendants.

The code of 1852 has not dispensed generally with the necessity of mutuality, in order that one debt may be set off against another. *Blakenship* v. *Rogers,* 10 Ind. R. 333.

By § 58 of the code it is provided that, "in all actions upon a note or other contract against several defendants, any one of whom is principal and the others sureties therein, any claim upon contract in favor of the principal defendant and against the plaintiff or any former holder of the note or other contract, may be pleaded as a set-off by the principal or any other defendant."

In the cases provided for in the foregoing section, mutuality is dispensed with, but that section has no application

to the case at bar.   It does not appear that *Knour* was the principal in the note, and the other makers sureties.   On the contrary, in another plea, *Knour* alleges that he himself was a mere surety in the note.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*B. F. Gregory* and *J. Harper*, for the appellants.

*R. A. Chandler*, for the appellee.