Stockwell et al. *v.* Byrne et al.

---

### STOCKWELL *et al. v.* BYRNE *et al.*

PRACTICE—REPLEVIN—TITLE.—Where, in an action of replevin, the writ is quashed for a defect in the affidavit, and thereupon the cause is dismissed by the plaintiff, the question of title to the property in dispute is not settled.

SAME—REPLEVIN BOND—DAMAGES.—In an action by the obligees against the obligors in a replevin bond, where the title to the property was not determined in the replevin suit, and the title thereto, and the right of possession is in a person, other than the obligees, they are only entitled to nominal damages.

PLEADING—REPLEVIN BOND.—To an action by the obligee, on a replevin bond, where the title to the property in question was not decided in the replevin suit, a plea in bar by the obligor, as to all except nominal damages, of title in himself, is good.

Stockwell et al. *v.* Byrne et al.

SALE—CONSENT—APPRAISEMENT.—Where part of a judgment is directed to be collected without appraisement, and execution is issued thereon, and property of the judgment defendant levied upon, and such defendant consents that the officer having charge of the writ shall sell such property without appraisement, and the officer does sell the same without appraisement, such defendant is precluded from setting up the invalidity of the sale for that cause; and the purchaser at such sale, in the absence of actual fraud, acquires a good title to the property, as against third persons who are creditors of such defendant.

INSTRUCTIONS TO JURY.—A judgment was rendered by a justice of the peace, by confession, in favor of *A* against *B*, on an account for 78 dollars, and on a bill of exchange for 154 dollars and 12 cents; and in respect to the latter sum was directed to be collected without appraisement. An execution was issued upon the judgment, and property of *B* levied upon to satisfy the same. At the suggestion of the constable, who held the execution, *B* indorsed upon it his consent that the constable should sell under it without appraisement; which was done, and *A* became the purchaser. Afterwards *C* procured a judgment against *B*, before a justice of the peace, had an execution issued thereon, and caused the property thus purchased by *A* to be levied upon by *D*, the constable. *A* replevied the property from *C* and *D*, and on their motion the writ, in the replevin suit, was quashed, because the affidavit did not state the value of the property, and thereupon *A* dismissed the action. *C* and *D* then brought an action against *A*, and his surety *E*, upon the replevin bond. Issues; trial by jury.

*Held,* 1. That the first instruction, asked by the plaintiffs, to the effect "that the sale to *A* was void for want of appraisement," was properly refused, because it ignored an important element that entered into the transaction, viz: the consent of *B* to the sale.

2. That the following instruction was not calculated to mislead the jury: "The question arising upon the first instruction asked by the plaintiffs has been decided upon demurrer, and therefore the question of appraisement, as affecting the validity of the constable's sale, is not before the jury."

3. That the following, also, though a little obscure, was proper: "Before they (the jury) can find that the judgment, execution and sale thereon in favor of the defendant, *A*, were fraudulent, so as to confer no title upon the purchaser at said sale, they must be satisfied that *A* confederated with *B* to defraud *C*,"—especially as the Court gave in connection therewith another which removed any obscurity therein.

4. That the following, also, is conceded to be correct, as far as it goes: "If the jury believe from the evidence that *B* was justly and honestly indebted to *A*, in the sum for which the judgment was rendered by *S*, (the justice,) he had the right to prefer *A*, by confessing said judgment," was proper, but that if the plaintiffs desired this qualification to be added thereto, "If there are no distinctive badges of fraud to vitiate the transaction," they should have asked it.

APPEAL from the *Vanderburgh* Common Pleas.

WORDEN, J.—Action by the appellants against the appellees upon a replevin bond. Issue, trial, verdict and judgment for the pliantiffs for 1 cent damages. The case was thus:

*Byrne* had a judgment rendered by a justice of the peace, by confession, against one *Matheny*. This judgment was rendered on an account for 78 dollars, and on a bill of exchange for 154 dollars and 12 cents, and in respect to the latter sum was directed to be collected without appraisement. An execution being issued upon the judgment, property of *Matheny* was levied upon to satisfy the same. At the suggestion of the constable who held the execution, *Matheny* indorsed upon it his consent that the constable should sell under it without appraisement. This was accordingly done and *Byrne* became the purchaser on the constable's sale.

Afterwards *Stockwell* procured a judgment against *Matheny* before a justice of the peace, had an execution issued thereon, and caused the property thus purchased by *Byrne* to be levied upon by *Nelson*, the constable. *Byrne* replevied the property

from *Stockwell* and *Nelson, Keller* being his surety on the replevin bond. On motion of the defendants in the replevin suit, the writ thereon was quashed, because the affidavit did not state the value of the property; thereupon the plaintiffs therein dismissed said action.

The main question in the case before us is whether the foregoing facts are sufficient to defeat the action on the replevin bond or undertaking, except for nominal damages.

It is evident that the replevin suit did not settle any question in respect to the title to the property. It is equally clear that if the title to the property and the right of possession were in *Byrne*, the plaintiffs were entitled to but nominal damages on the replevin undertaking. *Wallace* v. *Clark*, 7 Blackf. 298. They were entitled to nominal damages because the undertaking was technically broken, in the failure of the plaintiff in the replevin suit to prosecute his action with effect.

We will here notice a question of pleading that arises in the case. The defendants answered by general denial; and secondly, as to all except nominal damages, title to the property in *Byrne* under his aforesaid purchase.

It is claimed, admitting that the title to the property was in *Byrne*, that the pleading was defective as it was not sufficient to bar the entire action, nor any definite part thereof. A party may undoubtedly plead in bar of a part of a cause of action. Where he pleads in bar of the whole, matter which only bars a part, the pleading has been held in numerous cases to be bad; but where he pleads in bar of a definite part, matter which, in law, bars that part, there is no rule either at common law or under the code, that renders such pleading defective. And a plea, as in the case before us, in bar of all but nominal damages, seems to us to be sufficiently explicit as to the amount and part of the cause of action attempted to be answered. This, however, is not an impor-

tant question in the case, as the defendants were entitled to introduce the evidence under the general denial. *Wallace* v. *Clark, supra.* We come back to the main question. Did *Byrne* acquire a valid title by his purchase? It is claimed by the appellants that as the property was sold without appraisement, *Byrne* acquired no title, the sale being void, and that it was rightfully levied upon to satisfy the *Stockwell* judgment.

A part of the debt for which *Byrne* recovered his judgment against *Matheny*, waived appraisement, the other part did not. Instead of rendering separate judgments, the justice put them into one judgment, and directed that the one part be collected without appraisement. We shall not inquire whether this judgment authorized the collection of any part thereof without appraisement. *Matheny* consented that the sale should take place without appraisement, and he could not be heard to say that the sale was void for the want of appraisement. The maxim, "that to which a person assents is not esteemed in law to be an injury," is applicable here. *Matheny* having consented that the sale should be made without appraisement, and thus precluded himself from setting up its invalidity, it is difficult to see on what ground a third person could take advantage of the want of appraisement, though he be a creditor of *Matheny*, unless indeed the transaction was fraudulent in fact as being intended to cheat, hinder or delay the creditors of *Matheny*.

We are by no means prepared to say that the transaction was fraudulent *per se.* On the contrary we are of opinion, with the Court below, that in the absence of actual fraud, the sale was valid, and a good title passed to *Byrne* under his purchase. Whether or not there was any fraud in fact, was a question which was fully open to the consideration of the jury.

Some further points are made in reference to instructions given and refused. The plaintiffs asked an instruction to the

Stockwell et al. *v.* Byrne et al.

effect that the sale to *Byrne* was void for want of appraisement. This the Court very properly refused to give, because it ignored an important element that entered into the transaction, viz : the consent of *Matheny* to the sale; but the Court said to the jury as follows : "The question arising upon the first instruction asked by the plaintiffs has been decided upon demurrer, and therefore the question of appraisement, as affecting the validity of the constable's sale, is not before the jury." It is objected that this instruction took from the consideration of the jury the question of fraud in fact. We think differently. As we have seen, the plaintiffs asked the Court to charge that the sale was void for want of appraisement; thereupon the Court, in seeming explanation of the ground on which the charge was refused, told the jury that the question had been decided by the Court on demurrer, and that the jury, therefore, had nothing to do with it. We do not think the jury could have been misled by the remark of the Court. They could not properly have inferred from it that they were not to consider all questions of fraud in fact, whether arising from the confession of judgment in favor of *Byrne*, the consent of *Matheny* to the sale without appraisement, or otherwise arising in the case.

At the request of the defendants the Court gave the following instruction : "Before they (the jury) can find that the judgment, execution and sale thereon, in favor of the defendant *Byrne*, and against *Matheny*, were fraudulent, so as to confer no title upon the purchaser at said sale, they must be satisfied that *Byrne* confederated with *Matheny* to defraud *Stockwell.*"

The objection to this charge is thus stated in the brief of counsel for the appellant : "Confederated implies an active participation, whereas none is necessary. Fraud by *Matheny*, and notice to *Byrne* is all that need be proven to vitiate the sale." This objection, we think, is not well taken. If *Byrne*

knew of a fraud attempted to be perpetrated by *Matheny*, and purchased the property with such knowledge, he became a partaker of that fraud, and may well be said to have confederated with *Matheny*. Indeed a party who purchases, with a knowledge of fraud on the part of his vendor, actively participates in the fraud. He does that which enables the vendor to perpetrate the fraud. The charge may have been a little obscure to the apprehension of the jury, but if the appellants thought any explanation necessary, they could have asked a further charge on the subject.

The appellants did ask, and the Court gave, the following charge, which removes any obscurity in the above mentioned, viz: "If the jury believe from the evidence that the judgment of *Byrne* against *Matheny* was confessed for the purpose of defrauding the plaintiff, *Stockwell*, or hindering or delaying him in the collection of his debt, and that *Byrne* had notice of such intent, the judgment as against *Stockwell* is void, and the constable's sale on execution issued upon said judgment would confer no title upon *Byrne* as against *Stockwell*."

The Court, at the request of the defendants, gave the following charge: "If the jury believe from the evidence that *Matheny* was justly and honestly indebted to *Byrne* the sum for which the judgment was rendered by *Stinson* (the justice) he had a right to prefer *Byrne* by confessing said judgment." It is admitted that this charge is correct so far as it goes, but it is claimed that the Court should have added, "if there are no distinctive badges of fraud to vitiate the transaction."

If the appellants desired such a qualification, they should have asked it. As it is, the charge is well enough, especially as the Court had already charged that if the judgment was confessed for the purpose of defrauding *Stockwell*, *Byrne* having notice thereof, it was void as against *Stockwell*.

What we have said we believe covers all the questions made in the case, unless it be whether the verdict is sustained by

the evidence. We can not disturb the verdict of the jury, as it is by no means clear to our minds that there was any fraud in the transaction. For aught that appears, the plaintiffs recovered as much as they were entitled to.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Asa Iglehart,* for the appellants.

*James E. Blythe,* for the appellees.