Durbon et al. *v.* Kelley's Administrator.

*R. & H. Crawford*, for the appellant.

---

DURBON *et al. v.* KELLEY's Administrator.

PLEADING—SET OFF.—As to the requisites of an answer by way of set off, under section 58, 2 G. & H. 89, see the opinion herein.

APPEAL from the *Clinton* Circuit Court.

HANNA, J.—Suit by *Miller*, assignee, on a note and mortgage. Answer, by way of set off, that said note and mortgage were executed by *Durbon* to one *Kelley*, the assignor of said *Miller*; that afterwards, *John W. Blake, Isaac D. Armstrong* and said *Kelley* executed a joint note to one *Clark*, who

assigned the same to said *Durbon*, before said *Durbon* had any notice of the assignment by *Kelley* to plaintiff of the instruments sued on; that said *Blake* and *Armstrong* were, at the time said *Durbon* acquired title to said note, and still continued to be, wholly insolvent; nor did they, during any part of said time, own jointly any property subject to execution. Offer to set off, &c.

To this a demurrer was sustained. This ruling presents the only point in the case.

It will be perceived that there is no averment that said *Kelley* was the principal in said note. Indeed, so far as the note shows, the makers were all equally liable. This does not make a case within section 58 of the code. It has been held that mutuality, as a law of set off, still prevails, except as otherwise provided by the code. *Knour v. Dick*, 14 Ind. 20; *Blankenship* v. *Rogers*, 10 *id*. 333. The demurrer was correctly sustained.

*Per Curiam.*—The judgment is affirmed, with five per cent. damages, and costs.

*R. P. Davidson*, for the appellant.

*S. C. Willson*, and *Claybaugh & Simms*, for the appellee.