## Ball *v.* The Citizens' National Bank.

CONTRACT.—*Garnishee.*—*Warranty.*—A contract recited that certain personal property was sold by A. to B., with a warranty that the value was a certain

amount; and that the goods were to be paid for by C., who accepted the contract and agreed to comply with its terms.

*Held*, in an action by D. against A., in which process of garnishment was taken against C., that the latter might set up, as a defence to a note given by him to A. under said contract, the failure of consideration, in that the property was not of the value warranted, although the property had been delivered to B.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—The bank sued Patrick M. Culling, and, in connection with such action, sued out an attachment, and garnished Ball and McHugh. Culling made no defence. Ball and McHugh, the garnishees, answered by the general denial, and Ball further answered that the supposed indebtedness grew out of the following contract:

"This witnesseth that the undersigned, Patrick M. Culling, of Indianapolis, Indiana, has this day sold, assigned, transferred, and delivered to Francis J. McHugh, of Lafayette, Indiana, all and singular the stock of dry goods, wares, and merchandise owned by him and now constituting his stock in trade in the premises known as No. 72 West Washington street, Indianapolis, together with all the fixtures appertaining to his business in said premises; for all of which property so sold, the said McHugh pays and agrees to pay the following consideration, upon the terms hereinafter named, viz., fifteen hundred dollars cash in hand, the receipt of which is hereby acknowledged; thirty-five hundred by note of Owen Ball, dated June 11th, 1870, and made payable to the order of said Patrick M. Culling three days after its date, without relief from valuation or appraisement laws; and four thousand dollars by the conveyance by said Ball and his wife to said Culling, or such person as he may designate by his order, of lots Nos. 11 and 13 in the original plat of the incorporated village of Quincy, in Logan county, Ohio, and lots 20 and 21 in Canby's Addition to said town. Said sale being made, and said consideration given and to be given, upon the express proviso that said Culling warrants his ownership and title to said property sold by him, and his right to convey the same, and that the stock of dry goods comprehended in the sale amounts in value, by said original

invoice or cost, or when invoices are taken by their true value, to sixteen thousand dollars in the aggregate.

"PATRICK M. CULLING.

"LAFAYETTE, IND., June 11th, 1870."

"I hereby accept the foregoing agreement, and agree to comply with the terms thereof relating to my action, upon the terms specified in said foregoing agreement.

"June 11th, 1870.                           OWEN BALL."

It is further alleged in the said paragraph of said answer, that Ball entered into the contract as agent for McHugh; Ball, for himself, agreeing to pay the said consideration; that he paid the said sum of fifteen hundred dollars, and executed his note, as in the agreement required, for thirty-five hundred dollars, and has been, and now is, ready to perform all of said agreement, and to pay said note, when the said Culling shall perform his part of the same; that upon the execution of said agreement, said Culling gave possession of the said stock of goods to said McHugh, and the said McHugh proceeded to invoice the same; and that the said stock of goods did not amount to the sum of sixteen thousand dollars, according to the original invoice or cost, but only to the sum of five thousand dollars; and that by the terms of the said purchase and contract, the price of said goods, at forty per cent. off said invoice price, which was the contract price, said invoice is only about three thousand dollars; which sum, less the fifteen hundred dollars so paid by Ball, he owes and is willing to pay, if any balance shall be found due under said contract, etc.

At this stage of the case, the garnishment as to McHugh was dismissed by the plaintiff. In the reply, the plaintiff states, that at the commencement of the proceeding and service of the process, Ball was indebted to Culling in thirty-five hundred dollars on his note and four thousand dollars in a bond for certain real estate, etc., and has no defence against said claims.

A trial of said issues being had before the court without a jury, it was found by the court that Ball was indebted to

Culling in the sum of twenty-five hundred dollars on said promissory note, and was bound to convey to him the said real estate by virtue of the said agreement.

Ball moved the court to grant him a new trial, because, first, the finding of the court against the garnishee is not supported by the evidence; second, the amount found against the garnishee in favor of the said creditors is in excess of the amount to which they were entitled under the evidence; third, the finding of the court is contrary to law.

This motion was overruled, and judgment rendered against Ball, the garnishee, for thirty-six hundred and twenty-two dollars and fifty cents, and that the interest of Culling in said real estate in Ohio, under said contract, be sold by the sheriff, as other lands are sold on execution; and that said amounts be paid into court as a fund to be distributed among the creditors of Culling.

The evidence is in the record by a bill of exceptions. Two questions are presented by the assignment of errors; first, the correctness or incorrectness of the action of the court in refusing a new trial; and, second, as to the legality of the judgment rendered by the court.

The first point resolves itself into a question of law. It seems to be conceded that the goods fell greatly below sixteen thousand dollars in amount, estimated according to the contract. It is insisted, however, by counsel for the appellant, that Ball cannot set up this fact as a reason why he shall not pay the whole amount of his note and convey the real estate mentioned in the contract. We are not of this opinion. The goods, it is true, were purchased by Ball for McHugh, but Ball became, by his agreement appended to the contract of Culling, bound to pay for the goods; and it is expressly provided in his agreement that he is to comply with the terms thereof upon the terms specified in the agreement of Culling. McHugh is not a party to the written contract. It is the contract of Culling of the one part and Ball of the other part. Ball bound himself to do certain things, in consideration of the doing of certain things by Culling. It is imma-

terial who got the goods. That is a matter between such person and Ball, and cannot affect the right of Ball to set up and insist upon a want or failure of consideration for his promise. The fact that McHugh got the goods *did* not make them of any more value than they would have been if Ball had got them. Any other rule would lead to results, in this and every similar case, which could not be tolerated. Ball would in this case have to pay for goods that neither he nor McHugh ever got, in direct violation of the written agreement of the parties to the contract; and as McHugh is, apparently, insolvent, Ball would have no remedy against any one by which he could be reimbursed. We are quite clear that Ball can, in this case, set up the want or failure of the consideration of the note given by him under the agreement, and of the agreement to which he is a party. As the evidence showed that the goods amounted to much less than the sixteen thousand dollars in value, according to the invoice, the court committed an error in finding against Ball for the full amount of the note and contract.

We may remark that there seems to be some mistake in the record, the court's finding being for two thousand five hundred dollars on the note, and the judgment for three thousand six hundred and twenty-two dollars and fifty cents. The question as to the order of the court for the sale of the equitable title to the Ohio town property is probably not properly before us, for the reason that the point was not made in the common pleas. But we need not decide this.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and for further proceedings.

*J. E. McDonald*, *J. M. Butler*, and *E. M. McDonald*, for appellant.

*J. T. Dye* and *A. C. Harris*, for appellee.