## GORDON ET AL. *v.* SWIFT.

PLEADING.—*Representations.*—*Warranty.*—If property be sold to several persons under representation and warranty that it is of a certain quality and value, and a part only of the purchasers give a note for the price of the property, the latter, when sued upon the note, may set up, by way of answer, that the property for which the note was given was not of the quality or value represented and warranted.

SAME.—*Set-Off.*—*Mutuality.*—Two of three defendants in an action on a promissory note pleaded a set-off.

*Held,* that the answer was bad.

From the Floyd Circuit Court.

*G. V. Howk* and *W. W. Tuley,* for appellants.

*D. C. Anthony,* for appellee.

PETTIT, J.—The appellee, Alexander Swift, brought this suit against the appellants, John Gordon, Sr., John Gordon, Jr., Helen L. Gordon, and Joseph J. Terstegge, on a note given by the three Gordons to the appellee, Swift, and to foreclose a mortgage given to secure the same by John Gordon, Jr., and Helen L. Gordon. Terstegge was made a party because he had purchased the real estate mortgaged after the mortgage was made and recorded.

All the defendants joined in two paragraphs of the answer, setting up a partial failure of the consideration of the note and mortgage, and the substance of these paragraphs is, that the note and mortgage were given to secure the payment of certain personal property sold and delivered by Swift to a firm of Gordons & Martin (of which John Gordon, Sr., and John Gordon, Jr., were members), and that Swift agreed,

promised, represented, and warranted that the property so sold to the firm of Gordons & Martin was of a certain quality and value, when in fact it was not of such quality and value, but of greatly less quality and value, and averring a partial failure of the consideration of the note and mortgage, and asking a deduction accordingly.

To each of these paragraphs a demurrer for want of sufficient facts was sustained.

We hold that this ruling was error, for which the judgment must be reversed. 2 G. & H. 106, sec. 81.

If property is sold to four persons under representations and warranty that it is of a certain quality and value, and two of the four give a note for the property, when sued on the note, the two giving it may set up, by way of answer, that the property for which it was given was not of the quality and value represented and warranted. See *Ball* v. *The Citizens' National Bank,* 39 Ind. 364.

The third paragraph of the answer is by John Gordon, Sr., and John Gordon, Jr., alone, and sets up substantially the same facts as the first and second paragraphs of the answer and many other facts and averments, and claims a set-off against the note and mortgage.

A demurrer for want of sufficient facts was sustained to this paragraph of the answer. There was no error in this ruling. The set-off was not mutual, or between the parties to the suit. 2 G. & H. 88, sec. 57; *Johnson* v. *Kent,* 9 Ind. 252; *Blankenship* v. *Rogers,* 10 Ind. 333; *Knour* v. *Dick,* 14 Ind. 20.

A set-off and want or failure of consideration are different questions.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to overrule the demurrers to the first and second paragraphs of the answer.

Petition for a rehearing overruled.