No. 7204.

## BOWEN *v.* ROACH ET AL.

78  361
143  208

REPLEVIN.—*Landlord and Tenant.*—*Crops.*—*Sheriff's Sale.*—One who purchases land at sheriff's sale can not, after crops have been harvested by the tenant in possession at the time of the sale, and suffered to remain in actual possession, maintain replevin for the grain harvested by the tenant.

SAME.—*Evidence.*—*Deed.*—In such an action, a deed executed before the decree is admissible in evidence to show that the tenant's possession was under color and claim of right.

SAME.—*Undivided Interest in Personalty.*—The owner of an undivided interest in personal property can not maintain replevin against a co-owner.

SAME.—*Possession of Crops Planted.*—A tenant of the execution debtor, having been left in undisturbed possession of the premises sold, under a claim of right, may rightfully retain possession of the crop planted, cultivated and reaped by him, yielding to the holder of the sheriff's deed the landlord's share.

PLEADING. — *Partial Answer.* — *Formal Commencement.* — *Averments.*—The formal commencement of a pleading does not absolutely control it, and if it clearly appears by direct averments, that a pleading is addressed to a part only of a complaint, it will be so treated, although in the commencement it assumes to answer the whole complaint.

From the Carroll Circuit Court.

*D. Applegate, D. Turpie* and *H. D. Pierce,* for appellant.

ELLIOTT, J.—The appellant was the plaintiff below, and sought by his complaint the recovery of a quantity of wheat.

The appellee answered the complaint in two paragraphs, the first of which was a general denial, and the second an affirmative plea.   The substantial allegations of the second paragraph are these :

The wheat was grown and harvested on land "owned, or claimed to be owned, by George O. Roach, who was then in possession thereof;" that the wheat was sowed by the appellee in the autumn of 1876, and harvested by him in the harvest of 1877 ; that the appellee occupied the land, sowed and cut the wheat as a tenant; that, by the terms of his lease, he, the appellee, was to sow the field in wheat and pay to the owner of the land two-fifths thereof; that appellant's title to said land was conferred by a sheriff's deed, executed in December, 1876 ; that the appellant had full knowledge of appellee's lease, consented thereto and permitted him to remain in possession until after the wheat was harvested.   In the conclusion of the answer, appellee asserts a claim to three-fifths of the wheat and disclaims any interest in the remainder.

It is urged that the answer is insufficient, because it does not show that appellee's lessor had any title to the land or any right to execute the lease.   It does show that the lease was executed by one claiming to be the owner, that the right of appellee to possession was recognized by the appellant after he had acquired his title to the land, and that this acquiescence in the right of appellee was with full knowledge of the facts.   We are clear that the appellant ought, under such circumstances, to be held estopped to assert a claim which, if enforced, would sweep away the fruits of the appellee's labor. The answer makes a case where justice requires that the sower should be the reaper.   If the landlord had asserted his rights before, a different question would have been presented.

The answer is said to be bad, because, in the commencement, it assumes to answer the entire complaint, and fails to make good this assumption.   We are not willing to hold that the commencement absolutely controls the answer; on the contrary, we hold that if it is clearly and explicitly stated, al-

though elsewhere than in the commencement, that the plea is addressed only to a part of the complaint, it will be good, provided it meets so much of the complaint as it is addressed to. In this case the answer in express terms asserts a claim only to a part of the property in controversy, and in terms equally explicit disclaims any interest in the remainder. We are not questioning the familiar rule, that an answer which professes to respond to an entire complaint is bad, if it does no more than answer a part; but we are holding that, under the code, the question is not controlled exclusively by the formal commencement.

The answer does state a defence to the entire complaint. It does this because it states a case in which such an action as the present will not lie. The appellee was entitled as tenant to three-fifths of the wheat; the appellant as landlord to two-fifths. Neither had a right to any specific undivided part. They were joint owners, with joint rights. Neither could maintain replevin against the other. Replevin will not lie for an undivided interest in a chattel; the plaintiff must have an exclusive interest or his action fails. The code has not changed the rule upon this subject. The provisional remedy is essentially the same in this respect as the common-law action.

The counsel, in discussing the error alleged upon the ruling denying a new trial, complain that a deed executed by James Roach to George O. Roach was improperly admitted in evidence. This complaint is groundless. The deed was properly admitted, for it tended to show that the appellee was in possession under color and claim of right. One in possession under a color of right is in a much better situation than a mere trespasser, having neither claim nor color of right. It is said that the decree of foreclosure upon which appellant's title is founded barred the rights of the grantor in the deed adduced in evidence. When the deed was executed, no decree had been entered and the grantor had good right to sell and convey. Even if the decree had been entered, his statutory right of redemption was the subject of sale and conveyance.

The court instructed the jury as follows: "If the defendant William Roach, being then in lawful possession of the premises, planted the wheat in controversy in September, 1876, and maintained the possession of the land upon which it was grown until it was cut, your verdict should be for the defendants; but if you find from the evidence that plaintiff, Bowen, after his purchase, acquired the actual possession of the premises, then your verdict should be for the plaintiff."

Two objections are urged against this instruction. The first is thus stated in the brief:

"First. In leaving the definitions of terms to the jury, it was the duty of the court, not of the jury, to say what was meant by maintaining possession."

The position of counsel is untenable. The jury could not have misunderstood the language used by the court.

The second objection is that the title of the lessor expired December 31st, 1876, and with it that of his lessee. Had appellant asserted the right to possession, he could have evicted the appellee, but that avails nothing here. The appellant did not undertake to evict appellee, did not in any legal manner dispute his right until the wheat which the appellee had sowed had been harvested. The appellee, having been left in undisturbed possession under a claim of right as tenant of the execution debtor, might rightfully retain possession of the crop planted, cultivated and reaped by him. The appellant became entitled to the landlord's share. This right courts might have efficiently enforced, but not in such an action as the present. In order to maintain this action, the appellant must show an exclusive right to the property. It is because he fails to show such a right that his action fails. *Lacy* v. *Weaver*, 49 Ind. 373, is decisively against appellant.

The evidence fully supports the verdict.

Judgment affirmed.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.