Heavilon *et al. v.* Farmers Bank of Frankfort.

---

No. 8309.

HEAVILON ET AL. *v.* FARMERS BANK OF FRANKFORT.

LANDLORD AND TENANT.—Where the term of a tenancy is uncertain, the tenant who sows a crop is entitled to reap it.

SHERIFF'S SALE.—*Real Estate.—Growing Crops.—Landlord and Tenant.— Judgment Lien.—Mortgage Lien.*—A tenant who sows crops on land subject to a judgment lien may claim them against a purchaser at a subsequent sheriff's sale, and this rule applies to land under the lien of a mortgage which creates no estate in the mortgagee. *Jones* v. *Thomas,* 8 Blackf. 428, distinguished.

SAME.—*Landlord's Share of Crops of Land Sold on Execution.—Redemption.*— The purchaser at sheriff's sale on foreclosure or upon execution gets only the landlord's share, at most, in the crops upon the land, when he obtains title; otherwise, if the crops were planted after the sale and during the year for redemption.

RECEIVER.—*Application for Appointment of.—Pleading.*—A petition for the appointment of a receiver must show affirmatively the facts which make the receiver necessary. It will not be sufficient to allege ignorance of material facts nor to allege a legal conclusion without stating the facts on which it is predicated.

SAME.—*Real Estate, Action to Recover.—Averments of Title in Petition for Receiver.*—Where, in an action for the recovery of real estate, a petition by the plaintiff for the appointment of a receiver is filed, averring the plaintiff's ownership of a junior judgment and his redemption from the foreclosure sale made by the defendant, the allegation of title that the "plaintiff afterwards took such other steps as required by law, as that,

on," etc., " and after due and legal sheriff's sale of said real estate," a deed therefor was by the sheriff executed to him, is insufficient.

From the Clinton Circuit Court.

*L. McClurg, J. V. Kent, S. H. Doyal, P. W. Gard* and *T. H. Palmer*, for appellants.

*J. Claybaugh* and *B. K. Higinbotham*, for appellee.

Woods, J.—During the pendency of an action by the appellee against the appellants for the recovery of the possession of real estate, the appellee obtained the appointment of a receiver to take possession of the property and of the corn and wheat growing or standing thereon. From this order the defendants within ten days perfected an appeal, and now insist that the court erred in overruling their demurrer to the application for the appointment, and in sustaining a demurrer to their answer thereto.

We give the substance of so much of the petition and answer as is necessary to an understanding of the questions discussed in the briefs of the respective parties:

The petition, after stating the pendency of the principal action, and that the defendants hold possession of the real estate, which is described, and wrongfully and unlawfully keep the plaintiff out, proceeds to allege that on the 22d day of June, 1878, the defendant Amos Heavilon recovered in the Clinton Circuit Court a judgment against Enos Harshman and a decree against said Enos and his wife and others for the foreclosure of a mortgage on said real estate, upon which judgment and decree the property was duly sold by the sheriff of the county, on the 10th day of August, 1878, to said Heavilon, for the full amount of his decree and costs; that on the 9th day of August, 1879, the plaintiff, being the owner of a judgment against the said Enos Harshman, which was due and unpaid, and being thereby entitled to redeem said real estate from the sale aforesaid, did redeem the same by paying to the clerk of said court, for the use of said purchaser, the amount of his purchase-money with ten per cent. interest

thereon from the date of the sale, which money the said Heavilon received of the clerk, as and for the purposes paid, " and plaintiff afterwards took such other steps as required by law; that on the 19th day of September, 1879, and after due and legal sheriff's sale of said real estate, the sheriff of Clinton county, Indiana, executed a deed to the plaintiff for said real estate, and plaintiff says that by reason of the premises she became entitled to the possession of the property on said day; that the owner of the judgment, by virtue of which she made said redemption as aforesaid, was a party defendant to the foreclosure suit; that there is a large amount of corn on said real estate, and a large amount of growing wheat upon said real estate, which corn was planted and which wheat was sowed thereon in the spring and summer of 1879, during said redemption year, the wheat being sown since the redemption year expired; that the plaintiff never gave consent to any person to plant the corn or sow the wheat; that said corn and wheat are the property of the plaintiff by reason of the premises hereinbefore set forth; that said corn crop is now about ripe and ready to gather, and in all probability the wheat crop will be ready to reap before the determination of this suit; that the defendants are in possession of the said real estate as trespassers and wrongdoers thereupon, claiming the right to gather the corn for their own use, and, since the commencement of the said action of ejectment, have been gathering, selling and converting the same to their own use and threaten to continue so to do, and also claim the right and threaten to reap said wheat, when the same shall become ripe, for their own use, denying the plaintiff any right therein or to any part thereof; that, excepting said Heavilon, the defendants are wholly insolvent, and if permitted to gather and sell or convert said crops to their use, the plaintiff will be without remedy against them; that said Heavilon claims to be entitled to some portion of the crops as rents coming from the other defendants, but what portion and upon what arrangement, contract or relation between them, the plaintiff

is not informed; that said lands are valuable farming lands, whereon large quantities of hay-making grasses grow annually, upon which the defendants have been and threaten to continue pasturing their cattle and horses, thereby using and destroying the same."

The answer of the defendants to this petition is, in substance, that pending the action of Heavilon to foreclose his mortgage on the 20th of June, 1878, said Heavilon and one Samuel Ayres entered into a written contract, a copy of which is set out, whereby Heavilon contracted for the purchase of the legal title of said lands of Harshman, the owner; that on the 21st day of June, 1878, Heavilon obtained a decree of foreclosure of his mortgage, and by virtue of that decree became, on the 10th day of August, 1878, the purchaser of all of said lands, bidding therefor the full amount of his decree, to wit, $11,816.38, and that on said day, pursuant to said contract, Harshman delivered to said Heavilon possession of all of said lands; that in April, 1879, Heavilon, as owner in possession, rented the lands to the other defendants, for the purpose of raising a corn crop thereon during the season of 1879; that said tenants did cultivate the land, producing the corn which is now upon the land; that the wheat growing on the land was sown by such tenants, with the consent of Heavilon, after the redemption by the plaintiff from the sale on the decree of foreclosure, but before the sheriff's sale upon the plaintiff's execution; that on the 9th of August, 1879, the plaintiff, being the owner of a junior judgment lien, redeemed from Heavilon's mortgage sale, and then had the lands sold upon an execution issued upon said judgment, and, bidding them in, thus obtained title on the 19th day of September, 1879, having then, and at the time of said redemption, full knowledge of the rights and possession of each of the defendants; that the defendants are willing to attorn to the plaintiff.

The discussion of counsel is confined mainly to the right of property in the corn and wheat upon the land on the 19th day

of September, when the appellee claims to have become the owner of the land.

The general principle seems to be recognized, "that the tenant who sows a crop shall reap it, if the term of his tenancy is uncertain, * * yet if a mortgagee forecloses his mortgage, whatever crops are then growing upon the mortgaged premises, if planted after the mortgage is made, become the mortgagee's, whether planted by the mortgagor or by his tenant, free from any claim upon them by such tenant." 1 Washburn Real Prop. 106, section 21, citing, among other cases, *Jones* v. *Thomas*, 8 Blackf. 428. " The foregoing doctrine, in respect to the rights of a mortgagee," says the same author, in the next section, " would probably be limited to cases where a mortgage creates an estate in the land. But in the case of a judgment lien, a different rule prevails. A tenant who hires land subject to such a lien, and plants crops upon the same before a sale of the premises made, may claim them against a purchaser under sheriff's sale." *Bittinger* v. *Baker*, 29 Pa. St. 66.

When *Jones* v. *Thomas, supra,* was decided, it was the established doctrine here, as elsewhere, that a mortgage transferred the title to the mortgagee, and, after condition broken, if not before, enabled him to maintain ejectment, and this led, inevitably, to the conclusion declared in that case. The rule, now well established, however, is, that a mortgage creates no estate in the mortgagee, but confers on him only a lien upon the estate of the mortgagor, which estate, by force of the mortgage, can be transferred to the mortgagee only by a foreclosure and sale according to law. When such foreclosure and sale can or will be accomplished in any case, can not be anticipated, and so the term of tenancy being uncertain, the case comes under the general rule already stated ; besides the statute of redemption now prolongs the right of possession of the land-owner or occupant beyond the time of sale, whether upon execution or decree, for the period of one year. When that

year will terminate, can not be known, of course, until the sale has been made, or, at least, advertised.

After a sale has been made, or perhaps advertised, it would seem that, as against the purchaser, the tenant who would sow must do it at his peril.

Applied to the case in hand, these principles offered a plain solution. Heavilon had foreclosed his mortgage, and, under his contract with Harshman, the mortgagor, for the purchase of his right to redeem, he had possession of the property, and to all intents and purposes was the owner thereof, subject only to the right of the appellee, as owner of a junior judgment lien, to redeem from his foreclosure sale. Whether the appellee would redeem, and if so, when a resale of the property would be effected, and how it would be effected, were matters of conjecture and uncertainty. The policy of the law is to encourage husbandry, " by assuring the fruits of his labor to the one who cultivates the soil." 1 Washb. Real Prop. 102 ; 2 Black. Com. 122. Heavilon, therefore, was entitled himself to put out annual crops, or to lease the land to others for that purpose, and when the appellee did, if at all, become the owner of the fee, the utmost interest acquired in the crops was the landlord's share, and for this interest it is not made to appear that the landlord's lien, under the proposed attornment, was not ample protection. 2 R. S. 1876, p. 342, section 17 ; R. S. 1881, section 5224. See *Bowen* v. *Roach,* 78 Ind. 361.

There are, besides, special objections to the petition for the appointment of a receiver, which seem to us to be material. It is not shown but that the plaintiff had a complete remedy at law against Heavilon, whose solvency is not disputed, for all apprehended injuries. It is inferable from the complaint that the other defendants were in under him, and, as against the pleader, it may be presumed that he was responsible for their acts. A receiver should not be appointed upon allegations of the petitioner's ignorance of material facts, but only upon an affirmative showing of the necessity therefor.

The complaint also fails to show that the plaintiff had acquired title to the land. The allegations, in this respect, amount to no more than the statement of a legal conclusion, while, by the rule of pleading, the facts should have been shown, on which the conclusion is predicated. It was enough in the complaint in ejectment for the plaintiff to have alleged generally that he was the owner and entitled to the possession; the statute makes that sufficient; but when, in his petition for the appointment of a receiver, he undertook to show the origin of his title, and had stated the ownership of a junior judgment and the redemption made from the foreclosure sale, it was not enough then to allege, "and the plaintiff afterwards took such other steps as required by law," etc. He should have stated the particular steps whereby he obtained an immediate conveyance by the sheriff which should invest the title in him instantly and without further right of redemption. The act of March 31st, 1879, concerning the redemption of real estate sold upon execution or decree, had come into force, and various steps are thereby required to be taken by the judgment creditor, who has redeemed from a prior sale, in order to obtain the right to resell on his judgment, so as to cut off the right of further redemption. Besides, the general rule is, that one who claims by a sheriff's sale must show a judgment, and execution thereon, a levy and sale according to law; and, unless there is a special rule to the contrary, the necessary facts to support the conclusion must be averred, and not the conclusion alone.

The demurrer to the petition should have been sustained, and that to the answer should have been overruled.

Judgment reversed, with costs.

## On Petition for a Rehearing.

WOODS, J.—The counsel for the appellee now insist, in substance, that Heavilon did not perform his agreement with Harshman, under which he obtained possession, and, therefore, was not, to all intents and purposes, the owner, and em-

powered to lease or sublet to his co-defendants; that they must be regarded as holding possession under Harshman, who could have no right to crops which had been put out after the sheriff's sale, unless he redeemed, and who, if he had put them out, must have done it at his peril.

Conceding the fact on which this argument is built, the conclusion which we reached is not affected. Heavilon was the purchaser at the sale which had been made, and whether he performed his agreement with Harshman, is a question which is not material to the discussion. If Heavilon was not the owner, Harshman was; between the two, at least, there was a complete ownership and right of disposition, subject only to the right of the appellee to redeem from that sale, and to subject the property to a second sale, from which there could be no redemption after a year from the first sale; but, when the crops were put out, the second sale, so far as appears, had not been ordered or advertised, and it being uncertain, when, if ever, the resale would be made, the condition existed which assures to the sower the right to reap.

The argument of counsel is also directed against other points of the decision, but on these we do not care to add to what is said in the original opinion.

Petition overruled, with costs.