Miller v. Cheney et al.

---

10,125.

## MILLER v. CHENEY ET AL.

LANDLORD AND TENANT.—*Rents.*—*Emblements.*—*Replevin Bond.*—*Damages.* —*Instruction to Return Verdict.*—A deed of lands was to M., "with the possession, rents and profits to his use and benefit, until the said H. shall arrive at the age of twenty-one years, when the said real estate shall become hers in fee simple." After H. reached full age she conveyed to C., who replevied from M. two-fifths of the crops planted by M. and growing on the land when H. became of age, being reasonable rents. The replevin suit was dismissed because the bond was insufficient, but C. did not return the property. In a suit by M. on the bond there was some evidence tending to show the relation of landlord and tenant between M. and C., and the court instructed the jury to return a verdict for the plaintiff for nominal damages.

*Held*, that the instruction was correct.

*Held*, also, that M. was not entitled to the emblements.

JUSTICE OF THE PEACE.—*Evidence on Appeal.*—*Title to Land.*—*Jurisdiction.* —On the trial in the circuit court of an appeal from a justice of the peace, when the pleadings do not put the title to land in issue, evidence is admissible from which it appears that such title really is in question, and the court is not thereby deprived of jurisdiction by reason of sections 1433 and 1434, R. S. 1881.

From the Clinton Circuit Court.

*J. A. Sims* and *J. N. Sims*, for appellant.

*J. Claybaugh* and *B. K. Higinbotham*, for appellees.

BLACK, C.—This was an action commenced before a justice of the peace upon a replevin bond executed by the appellees in an action brought by the appellee Cheney against the appellant, before a justice, for the recovery of a quantity of wheat. Appellant recovered judgment in the case at bar for nominal damages, before the justice, and, upon appeal to the court below, a jury found in his favor, assessing his damages at one cent, and judgment was rendered on the verdict. He moved for a new trial; the motion was overruled, and this ruling alone is assigned as error.

The court instructed the jury to find a verdict in favor of the appellant for nominal damages. The giving of this instruction and the smallness of the damages were assigned as causes for a new trial. The motion also stated as causes the admission in evidence of certain deeds of conveyance of real estate offered by the appellees. There were other grounds stated in the motion, but the questions which it was sought thereby to present were not properly saved on the trial, and they need not be further mentioned.

The evidence showed that the appellee Cheney filed his verified complaint before a justice for the recovery from the appellant of two-fifths of the wheat grown upon a certain tract of land in Clinton county, said wheat being of the value of $80; and that in said action the appellees Cheney and Campbell executed the bond in suit, for $100. On the day set for the trial of said action of replevin the defendant therein, the appellant in this action, moved to dismiss the cause for insufficiency of the bond; the motion was sustained, and judgment of dismissal was rendered by the justice.

Forty-seven and three-fourths bushels of wheat were taken by the constable on the writ issued in that action and were by him delivered to said Cheney, on the 30th day of July, 1881, said wheat being taken out of a lot of wheat which appellant had harvested and threshed at his own expense, and which he had sowed in the previous fall on a piece of land conveyed by George W. Miller and wife to Delia E. Harland and the

appellant, on the 4th of August, 1879. Before the commencement of the action of replevin Cheney demanded the wheat, and appellant refused to deliver it, claiming to be entitled thereto. The wheat taken was two-fifths of the crop, and was worth $1.10 per bushel. Cheney testified that he did not replevy the whole crop, but that he replevied only the two-fifths; that two-fifths of the wheat was the usual rent in the neighborhood.

The appellees were permitted, over objection, to introduce in evidence two deeds of conveyance of the land on which the wheat was cultivated, the first dated August 4th, 1879, being a conveyance from George W. Miller and wife to Delia E. Harland and George Miller, the appellant. By the terms of this deed said real estate was to vest in and be the property of the appellant, "with the possession, rents and profits to his use and benefit, until the said Delia Harland shall arrive at the age of twenty-one years, when the said real estate shall become hers in fee simple." The second deed purported to be a deed of conveyance of the same land, dated April 18th, 1881, from Delia E. Harland and Amos P. Harland, her husband, to John W. Cheney. It was proved that said Delia E. Harland was appellant's daughter, and was twenty-one years of age about the 1st of April, 1881.

Appellant objected to the introduction of said deeds on the ground that "their introduction in evidence raised the title to real estate, of which question the court could not take jurisdiction in this case, the same having been appealed from a judgment rendered by a justice of the peace."

The statute provides: "No justice shall have jurisdiction in any action * wherein the title to lands shall come in question." R. S. 1881, sec. 1433. The next section provides: "If the title to land shall be put in issue by plea supported by affidavit, or shall manifestly appear from the proof on trial to be in issue, the justice shall, without further proceeding, certify the cause and papers to the circuit court of the proper county, where the same shall be tried."

This statute does not deprive the circuit court, or by relation the justice, of jurisdiction in an action appealed from a justice, where the title to land first comes in question in the circuit court.

It does not appear upon the face of the pleadings that the title to land was in question in this case. The record does not in any manner show any evidence introduced or offered before the justice; and the circuit court could not know, and we can not know, that from the proof on the trial before the justice the title to land there appeared to be in issue.

It has been held by this court that in such case we must presume that the justice did his duty, and that if the title to land had so appeared to be in issue on the trial before him, he, without further proceeding, would have certified the cause to the circuit court; and that the fact that on the trial in the circuit court upon appeal the title to land was brought in issue would not deprive that court of jurisdiction, and could not by relation deprive the justice of jurisdiction. *Wall* v. *Albertson*, 18 Ind. 145. Appellant's objection to the introduction of the deeds in evidence was not well taken.

Proof of the fact that the action of replevin was dismissed established appellant's right to recover on the bond at least nominal damages. It having been also proved that the title to the wheat was not adjudicated in the action of replevin, and that Cheney, the plaintiff therein, had received the property under the writ, appellant, if there had been no additional evidence, would have been entitled to recover substantial damages. But the appellees might defeat the recovery of more than nominal damages by proving such facts as would show Cheney's ownership of the wheat and his right to the immediate possession thereof, or such facts as would show his right to have recovered of the appellant damages because of appellant's denial of Cheney's right and interest in the wheat and his refusal to deliver to Cheney the wheat taken. *Sherry* v. *Foresman*, 6 Blackf. 56; *Stockwell* v. *Byrne*, 22 Ind. 6; *Wallace* v. *Clark*, 7 Blackf. 298.

If appellant was occupying the land as a mere tenant at sufferance, he was not entitled to the emblements, or any part thereof, and Cheney, if he was the owner of the land, would be entitled, nothing being shown to the contrary, to all the wheat harvested thereon by appellant, and might take all or any part thereof. In that case, the fact that he replevied a part of what he owned was no substantial injury to the appellant.

If the relation of landlord and tenant existed between Cheney and the appellant, and under such relation Cheney was entitled to rent either in money or in a portion of the crop, he could not, because of such right, recover in an action of replevin either all of the crop or a portion thereof not set apart as his share, for in replevin he must show an exclusive right to the property as against the defendant. *Lacy* v. *Weaver*, 49 Ind. 373 (19 Am. R. 683); *Bowen* v. *Roach*, 78 Ind. 361. But if Cheney was entitled to have set off to him a landlord's share, and appellant on demand refused to recognize such right and set off such share, Cheney would have a right of action against appellant for the value of such share, and if Cheney took it on the writ of replevin, appellant could not recover more than nominal damages on the bond.

The deed under which appellant possessed and cultivated the land created a vested remainder in Mrs. Harland and a particular estate in the appellant. In the absence of agreement between the tenant in remainder and the tenant of the particular estate, the crop growing on the land at the termination of the particular estate would be the property of the former, and would pass by her deed to Cheney, and, in the absence of his consent, express or implied, to the contrary, the appellant would have no further right to the land or its emblements, and Cheney would be entitled to the entire crop. *Thomas* v. *Noel*, 81 Ind. 382. With Cheney's consent, express or implied, a relation of landlord and tenant might have subsisted between him and the appellant. There was perhaps some evidence of such a relation. Cheney testified that he replevied such a portion of the crop as he "considered to be

the rents" and such as was the usual rent in the neighborhood.   Aside from any question of such a relation between the parties, the evidence showed Cheney to be entitled to all the crop of wheat.   Appellant's right to any portion of it does not clearly appear.   A portion was conceded to him by Cheney.   We can not say that it was not all to which he was entitled, or that Cheney was not entitled to demand and receive the portion taken by him.

We find no error.

PER CURIAM.—It is ordered, on the foregoing opinion, that the judgment be affirmed, at appellant's costs.