Menaugh *et al. v.* Chandler *et al.*

No. 9495.

MENAUGH ET AL. *v.* CHANDLER ET AL.

PROMISSORY NOTE.—*Principal and Surety.*—*Estoppel.*—Where one signs a
note containing a stipulation that all whose names are signed thereto
agree to be held as principal debtors, he is estopped from asserting as
against the obligee that he is a surety.

SAME.—*Set-off.*—A claim in favor of one only of several defendants can
not be set off against a note executed by them in a suit by the payee
thereon.

SAME.—*Statute Construed.*—Where one executes a note, agreeing therein
that he is a principal, he can not claim a right to a set-off under the
statute, R. S. 1881, section 349.

From the Carroll Circuit Court.

*J. Applegate* and *C. R. Pollard,* for appellant.

*J. A. Sims, L. B. Sims, J. M. Judah* and *O. B. Jameson,*
for appellees.

ELLIOTT, J.—The appellants executed to the appellees a
promissory note containing the following stipulation: "All
whose names are signed to or endorsed upon this note expressly
agree to be held as principal debtors." The appellant Me-
naugh bought a claim against the appellees, and insists upon
his right to set it off against the note.

The stipulation in the note precludes Menaugh from assert-
ing that he is a surety. It is a general rule that a party can
not contradict his own note or bond. *Miller* v. *Elliott,* 1 Ind.
484; *Hiatt* v. *Simpson,* 8 Ind. 256; *Madison, etc., Co.* v. *Stevens,*
10 Ind. 1. In accordance with this elementary principle it
is held that one expressly agreeing to be bound as principal
is estopped from asserting as against the obligee, that he is a
surety. *Sprigg* v. *Bank,* 10 Peters, 257; *Sprigg* v. *Bank,* 14
Peters, 201; *Dart* v. *Sherwood,* 7 Wis. 446; *Waterville Bank* v.
*Redington,* 52 Maine, 466; *Heath* v. *Derry Bank,* 44 N. H.
174; *Derry Bank* v. *Baldwin,* 41 N. H. 434.

A set-off can not exist where there is no mutuality. A
claim in favor of one only of several defendants can not be

set off against a note executed by them. *Knour* v. *Dick,.* 14 Ind. 20; *Blankenship* v. *Rogers,* 10 Ind. 333; *Jones* v.. *Diver,* 22 Ind. 184; *Griffin* v.. *Cox,* 30 Ind. 242; *Dodge* v. *Dunham,* 41 Ind. 186; *Gordon* v. *Swift,* 46 Ind. 208; *Harris* v. *Rivers,* 53 Ind. 216.

Our statute creates in favor of sureties an exception to this rule; but the appellant Menaugh can not avail himself of the benefit of this exception, for the reason that he has concluded himself by his agreement to be bound as principal. One who expressly agrees that he is a principal, and undertakes as such,. can not claim a right to a set-off under the statute applicable to sureties.

Judgment affirmed.

Opinion filed at the November term, 1882.

Petition for a rehearing overruled at the May term, 1883.