Filed May 29, 1890.

————◆————

No. 13,227.

RINGGENBERG ET AL. *v.* HARTMAN ET AL.

REPLEVIN.—*Action upon Bond.*—*Pleading.*—In an action upon a replevin bond, where the answer alleges that the question of title was not in issue in the replevin suit, it is a harmless error to sustain a motion to strike out a part of the cross-complaint in which it is alleged that the clerk of the court, by inadvertence, wrote up as the judgment of the jury in the replevin suit that the defendants in that suit were adjudged to be the owners of the property.

SAME.—*Notes.*—*Set-Off.*—In an action upon a replevin bond executed in favor of both plaintiffs, notes held against one of the plaintiffs by the defendants are not available as a set-off. The defendants are estopped to deny that one of the obligees had no interest in the bond sued upon.

SAME.—*Evidence.*—*Mitigation of Damages.*—Where the defendants in an action upon a replevin bond hold a chattel mortgage upon the property involved in the replevin suit, they may prove that fact in mitigation of damages.

From the Marshall Circuit Court.

J. D. McLaren, E. C. Martindale and H. Corbin, for appellants.

A. C. Capron, J. W. Parks and M. A. O. Packard, for appellees.

COFFEY, J.—This was a suit in the circuit court by the

Ringgenberg *et al. v.* Hartman *et al.*

appellees against the appellants upon a replevin bond. The complaint alleges that prior to the 17th day of May, 1873, the appellees were the owners of a livery stock of the value of $3,000, kept and owned by them in carrying on the livery business at Bourbon, Indiana; that on the 16th day of May, 1873, the appellants Ringgenberg & Ringgenberg commenced an action of replevin, in the Marshall Circuit Court, against the appellees, wherein they claimed to be the owners and entitled to the possession of all said livery stock; that they caused a writ of replevin to issue in said case and placed the same in the hands of the sheriff of Marshall county for execution and service; that on the 17th day of May, 1873, said sheriff seized and took into his possession all of said property by virtue of said writ; that said appellants Ringgenberg & Ringgenberg executed the replevin bond in suit with the other appellants as their sureties, and delivered the same to said sheriff who thereupon delivered said property to the said Ringgenberg & Ringgenberg, who took the same into their possession; that upon the trial of said cause the appellees were adjudged to be the owners of said property, and recovered a judgment for the return thereof and for costs taxed at $300; that appellants wholly failed to return said property, and converted the same to their own use.

The appellants filed an answer in four paragraphs. The second is a former adjudication of the matters involved in this suit.

The third paragraph is a plea of payment as to the damages and costs.

The fourth paragraph admits the institution of the suit set up in the complaint, the execution of the bond in suit, the trial of the cause and judgment of return of the property, and avers that in said trial the value of said property was found to be $1,350; that prior to that time the appellants had sold the property to the appellee Hartman, and had taken back a chattel mortgage to secure $1,600 of the

purchase-price; that at the time of the commencement of this suit, $1,494.96 of said purchase-money was due; that said appellees are wholly insolvent and were so at the time of said trial; that by the terms of said mortgage, appellants were entitled to the possession of said property upon default in the payment of any part of said purchase-money; that at the time of the commencement of said action of replevin, said Hartman was the sole owner of said property, and that the said Galentine had no interest therein; that on the 8th day of August, 1883, $475 of said purchase-money became due and remained unpaid, and appellants became entitled to the possession of said property under the terms of said mortgage; that they elected to retain possession of said property, the same being in value $500 less than the claim of appellants against said Hartman; that appellants have paid the damages and costs recovered in said action of replevin. Prayer, that the amount due on the purchase-money notes be set off against any sum found due appellees.

The appellants also filed a cross-complaint setting up, substantially, the same facts as are averred in the fourth paragraph of the answer, with these additional allegations: "And the said defendants further show the court that by the misprision of the clerk of the court, in writing up the judgment of the court, on the verdict of the jury in said replevin suit No. 6307, by inadvertence and mistake, wrote up as and for the judgment, that the defendants in that suit, the plaintiffs in this, were adjudged to be the owners of the property, the right to the possession of which was the sole and only question put in issue by the complaint and answer thereto, and that was the only question presented to and found by the jury in their verdict, and the judgment of ownership is outside and beyond the issue in the case and the verdict of the jury, and so far it is void and of no effect."

On motion of the appellees the language above set forth was stricken out of the cross-complaint, and the appellants excepted.

This cross-complaint also seeks to set off against the amount due appellees, as set out in their complaint, the amount due appellants on their notes and mortgage against the appellee Hartman.

The fifth paragraph of answer was a general denial.

The court sustained a demurrer to the fourth paragraph of the answer and to the cross-complaint, and appellants excepted.

Appellees filed a reply, and the cause being at issue was tried by the court, without the intervention of a jury.

At the request of the appellants the court made a special finding of the facts, and stated its conclusions of law thereon, and rendered judgment for the appellees.

The appellants assign as error in this court:

1st. That the court erred in striking out parts of appellants' cross-complaint.

2d. That the court erred in sustaining the demurrer to the fourth paragraph of appellants' answer.

3d. That the court erred in sustaining the demurrer to the cross-complaint of the appellants.

4th. That the court erred in its conclusions of law.

5th. That the court erred in overruling the appellants' motion for a new trial.

As the court, subsequent to striking out a part of the cross-complaint filed by the appellants, sustained a demurrer thereto, it is not improper to consider the first and third assignments of errors together.

It is to be observed that the action of replevin, out of which grew the bond in suit, was instituted by the appellants Ringgenberg & Ringgenberg against both Hartman and Galentine, and the bond is made payable to them jointly. In that suit the value of the property was ascertained by the jury, and judgment was rendered by the court, reciting that they were the owners of such property, and that the same should be returned to them, and in the event a return could

not be had, that they recover of the appellants such ascertained value.

It is contended by the appellants that as it is averred in the cross-complaint that no question involving the title to the property was in issue in the replevin suit, any judgment rendered upon that subject, by which the court sought to settle the question of title, was void, and that, therefore, the court erred in sustaining the motion of the appellees to strike out the language above set forth.

In the case of *McFadden* v. *Ross,* 108 Ind. 512, which was a suit upon a replevin bond, it was held that the judgment of a court, upon matters not involved in the issues, was void, and that it might be inquired into and impeached collaterally.

Primarily the action of replevin is possessory in its character, and unless the title to the property is put in issue by the form of the issues, a judgment in such action determines nothing beyond the right of possession. *Entsminger* v. *Jackson,* 73 Ind. 144 ; *Kramer* v. *Matthews,* 68 Ind. 172 ; *Highnote* v. *White,* 67 Ind. 596 ; *Hoke* v. *Applegate,* 92 Ind. 570 ; *Van Gorder* v. *Smith,* 99 Ind. 404.

It does not follow from this rule, however, that the court erred in sustaining the motion to strike out part of the cross-complaint. If the title to the property was not involved in the issues in the replevin suit, any judgment attempting to settle the title would be ignored by the courts whenever an attempt was made by either party to take advantage of it. The charge that the clerk by mistake and inadvertence entered up a judgment declaring the appellees the owners of the property involved in the replevin suit added nothing to the strength of the cross-complaint, for the allegations were still left, to the effect that the question of title was not in issue in that suit. It must be plain, then, that if the complaint was otherwise good the appellants were not injured by striking out the portion to which the motion was addressed. And this brings us to the question as to whether appellants were entitled to avail themselves of their notes

against Hartman as a set-off in this action. This question, we think, must be answered in the negative. It is a fundamental principle that a set-off can not exist in a case where there is a want of mutuality. The claims must be due between all the parties and in the same right. *Proctor* v. *Cole,* 104 Ind. 373, and authorities there cited.

As we have seen, the bond in suit was executed in favor of both the appellees, while the notes sought to be set off were due from Hartman alone. Not only is the bond due to both the appellees but the judgment of return is in favor of both. Nor do we think the averment that Galentine had no interest in the property helps the appellants.

If parties who execute obligations to two or more persons may, when sued upon such obligations, say that one or more of the parties to whom the obligation is payable have no interest in it, there would be no certainty in business transactions. We think the appellants should be held to be estopped from denying that Galentine has an interest in the bond now in suit. *Menaugh* v. *Chandler*, 89 Ind. 94. Especially should this be so in view of the judgment in Galentine's favor for a return of the property involved in the suit in which the bond was executed. In our opinion the court did not err in sustaining the demurrer to the cross-complaint.

What we have said with reference to the right to use the notes of Hartman as a set-off, in discussing the questions arising on the cross-complaint, applies, also, to the fourth paragraph of the answer. That answer was bad for the reasons above stated.

On the trial of the cause, for the purpose of mitigating the damages to be recovered by the appellees, the appellants offered in evidence the chattel mortgage upon the property involved in the replevin suit, in which the bond now sued on was executed, and offered to prove that the notes secured by said mortgage were unpaid, but upon the objection of the appellees this offered evidence was excluded.

In this ruling we think the court erred. If the appellees

were the absolute owners of the property its value would have been the measure of damages; but if the appellants held a valid subsisting chattel mortgage upon it, they were entitled to prove that fact in mitigation of damages, unless they were estopped from so doing. *Wallace* v. *Clark,* 7 Blackf. 298; *Stockwell* v. *Byrne,* 22 Ind. 6; *Miller* v. *Cheney,* 88 Ind. 466; *Smith* v. *Mosby,* 98 Ind. 445; *McFadden* v. *Ross, supra.*

In the case last cited there had been a trial by the court as to the value of the property and return adjudged, but it was held in a suit on the replevin bond that the appellants in that case were entitled to prove, in mitigation of damages, that they held a valid subsisting mortgage upon the property involved in the suit in which the bond was executed.

The contention of the appellees that there is a want of mutuality, and that, therefore, the notes and mortgage were not admissible, is without force. If Galentine acquired an interest in the property after the execution of the chattel mortgage, it was of no greater value in his hands, subject to the mortgage, than if it had remained in the hands of Hartman.

For the error of the court in excluding this evidence the judgment must be reversed.

Judgment reversed, with directions to the circuit court to grant a new trial, and for further proceedings not inconsistent with this opinion.

Filed June 3, 1890.